EDWARD MCKENNEY *vs.* T. L. BURNEY *et al.*

DECEMBER 7, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a bill in equity seeking relief from a foreclosure sale of real estate situated in the city of Providence. The cause is before us on the complainant's appeal from a decree dismissing the bill. An expert witness testified that the value of the real estate was $2,200. The amount due on the mortgage was $500 plus interest for a

short period. The property was knocked down to respondent Burney for $850. The complainant does not contend that the auctioneer or any other person was guilty of fraud in connection with the sale. It appears that the complainant attended the sale and bid $1,400 but that his bid was rejected because he did not have with him $100, the amount required by the terms of the sale for a deposit. It also appears that the complainant had more than that sum on deposit in a bank located within the same city but at a considerable distance from said real estate upon which the sale was conducted, and that he did not appreciate the fact that it would be unreasonable to expect the auctioneer to dismiss the bidders and accompany the complainant to said bank to obtain the money required for deposit.

The complainant alleges in the bill that he is an aged man and that at the time of the sale "He was in a confused, perplexed, aggravated and dazed state of mind and in such a condition as to be unable to make the facts clear to the auctioneer and safeguard his interests." In this connection an important fact, unknown to both the trial justice and counsel for complainant when the case was heard below, has been brought to our attention. Before said sale the complainant had been judicially declared to be of unsound mind and committed to the State Hospital for the Insane, from which he had been released, not as cured, but as improved. When insanity has once been established the presumption is that the insanity continues. 7 Enc. of Ev. 462.

It appears that the sale price was grossly inadequate, but it has been frequently held that mere inadequacy of price is not sufficient to impeach a sale under the power contained in a mortgage. *Galvin* v. *Newton*, 19 R. I. 176; *Nichols* v. *Flagg*, 24 R. I. 30; *Babcock* v. *Wells*, 25 R. I. 30. In *Rosenfeld* v. *Wunsch*, 45 R. I. 48, we set aside a foreclosure sale made in good faith at an inadequate price to the mortgagee's agent. Relief was granted because the mortgagor was unrepresented at the sale through an excusable mistake in

believing that the sale would be postponed. The opinion at page 53 quotes from *Wolfert* v. *Milford Sav. Bank*, 5 Kan. App. 222, as follows: "Ordinarily, mere inadequacy of price alone is insufficient to authorize the setting aside of a judicial sale. *Capital Bank* v. *Huntoon*, 35 Kan. 577, 591. But when other grounds intervene, gross inadequacy of price may be a fact of controlling consideration with the court. The purchaser at such sale has rights in which he should be protected. But his right to be assisted to the enjoyment of a great bargain or speculation is not of such a character as to override strong equities in favor of other parties. To the same effect see 27 R. C. L. 713-715 and authorities cited." In the case before us it is apparent that the owner of the equity of redemption though present at the sale failed, because of mental weakness, to protect his rights. Although no criticism is made of the conduct of the auctioneer or any other person connected with the sale, we think it is the duty of the court to protect the rights of this unfortunate complainant, who, if he lives any considerable time, will probably become a public charge. The equities appeal to us at least as strongly as did those in the Rosenfeld case.

In spite of his mental condition the complainant should be required to do equity. Respondent Burney paid to the auctioneer as a deposit $100; to a title company before the service of the restraining order, $15; to the city of Providence as taxes assessed on the property, $22.10; premium for insurance on the property, $3.24 and lost wages amounting to $10 attending court, a total of $150.34. Upon payment of this sum and the costs of the foreclosure proceedings the complainant may be permitted to redeem.

Counsel for the parties may submit for our approval a form of decree in accordance with this opinion to be entered in the Superior Court.

*Leon H. Semonoff*, for complainant.

*Henry M. Boss, Jr., Boss, Shepard & McMahon*, for respondent.