JOHN WOLFERT v. THE MILFORD SAVINGS BANK.

No. 149.

JUDICIAL SALE— *set aside when price inadequate and accident and mistake prevent party's attendance.* While mere inadequacy of price alone is not sufficient to justify a court in setting aside a sheriff's sale of real estate, yet, when the equities of the party moving to set aside the sale are strong, and it fairly appears that such party was prevented by accident and mistake, and without negligence, from attending the sale, the ruling of the court setting aside a sale, on condition that a reasonable bid be made at the re-sale, will not be disturbed.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed December 5, 1896. *Affirmed.*

At a sheriff's sale of real estate, made pursuant to a judgment of foreclosure of a mortgage in the District Court of Smith County, John Wolfert, the plaintiff in error, became the purchaser. Thereafter, on application of the judgment creditor, the sale was set aside. Of this order complaint is now made by Wolfert. In the foreclosure action, judgment was rendered in favor of the plaintiff therein, The Milford Savings Bank, for $1,587.06, and the mortgaged premises, being a quarter-section of land in Smith County, were ordered to be sold, if such judgment was not paid within six months. Under an order of sale duly issued, the land was sold, May 1, 1893, to John Wolfert, for five hundred dollars. Motions to confirm and to set the sale aside were made by Wolfert and The Milford Savings Bank, respectively, and the same were heard, September 12, 1893, when the motion to confirm was overruled and the motion to set aside was sustained. On the hearing of such motions, evidence was introduced tending to show that the land at the time of the sale was reasonably worth from eighteen hundred to two thousand dollars; that the plaintiff, The Milford Savings Bank, being a non-resident of the State, relied upon its attorney, Clark A. Smith, to attend the sale and protect its rights therein, and that he was authorized, as such attorney, to bid at said sale an amount sufficient to cover plaintiff's judgment; that, through accident and mistake, and without negligence on his part, mistaking the date when said sale was to be made, said attorney failed to be present at the sale, and the plaintiff was not otherwise represented. It also appeared that the purchaser, Wolfert, was the only bidder at the sale. In

224    WOLFERT v. MILFORD SAVINGS BANK.

N. Dept.                Opinion.   Garver, J.            5 Kan. App.

its motion, and again at the hearing thereof, the plaintiff tendered a bid for said land of eighteen hundred dollars, and the order of the court setting aside the sale was conditioned upon such bid being made.

*Robinson & McBride*, for plaintiff in error.
*Clark A. Smith*, for defendant in error.

GARVER, J. Ordinarily, mere inadequacy of price alone is insufficient to authorize the setting aside of a judicial sale. *Capital Bank v. Huntoon*, 35 Kan. 577, 591. But when other grounds intervene, gross inadequacy of price may be a fact of controlling consideration with the court. The purchaser at such sale has rights in which he should be protected. But his right to be assisted to the enjoyment of a great bargain or speculation is not of such a character as to override strong equities in favor of other parties. Upon the evidence presented in this case, the court found that there was not such fault or negligence on the part of the plaintiff, or its attorney, in failing to attend the sale, as should bar it from the relief asked for in its motion. In such cases, especially when the sale is set aside, the court has a discretion which should be exercised in furtherance of justice, and with due consideration for the rights of all parties. *Moore v. Pye*, 10 Kan. 246; *Dewey v. Linscott*, 20 id. 684; *Fowler v. Krutz*, 54 id. 622. It must be admitted that the property in this case was struck off at a grossly inadequate price, leaving a deficiency judgment for a large amount against the judgment debtors. Under the ruling of the court of which complaint is made, the plaintiff's claim will be satisfied and the judgment debtors relieved of the burden of their debt. This will be accomplished without any prejudice to the plaintiff in error, except the loss of opportunity

to make a great profit at the expense of innocent parties. Under the evidence and the facts as presented to the trial court, we cannot say that any substantial error was committed.

We arrive at the foregoing conclusion by assuming that a complete record of the proceedings is before us, although there is nothing to show that fact outside of the certificate of the trial judge. As the errors complained of arose upon the testimony presented on the hearing of the motions, it is necessary, to warrant a review thereof, that the record affirmatively show that it is full and complete. The certificate of the trial judge alone is insufficient. *Lebold v. Ottawa Co. Bank*, 51 Kan. 381.

The ruling of the court sustaining the motion to set aside the sale is affirmed.