Note.—See under (1) 4 C. J. p. 913, §2881; p. 969, §2952. (2) 4 C. J. p. 851, §2834; 2 R. C. L. p. 194; 1 R. C. L. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (3) 38 Cyc. p. 1711; 14 R. C. L. p. 752; 3 R. C. L. Supp. p. 275; 4 R. C. L. Supp. p. 916: 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 829.

---

## STATE ex rel. COM'RS OF LAND OFFICE v. WILSON et al.

No. 17475—Opinion Filed April 5, 1927.

(Syllabus.)

**1. Appeal and Error—Discretion of Trial Court—Setting Aside Judicial Sale.**

A motion to confirm or set aside a judicial

sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal.

### 2. Pleading—Effect of Motion for Judgment on Pleadings.

A motion for judgment upon the pleadings is in the nature of a demurrer, and, like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party.

### 3. Judicial Sales—Validity—Inadequacy of Consideration.

Mere inadequacy of consideration is not sufficient of itself to set aside a judicial sale, yet, where the inadequacy is gross, a slight showing of fraud or irregularity only is required to authorize setting it aside, but evidence of carelessness, negligence, or oversight of the party complaining is not sufficient, although the consideration may be grossly inadequate.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action for foreclosure by the State of Oklahoma, on the relation of the Commissioners of the Land Office, against Leo C. Wilson and others. Judgment for plaintiff, and W. A. Davis, purchaser at the sheriff's sale, moved to have the same confirmed and the plaintiff moved to set aside said sale. The motion to set aside was overruled and the sale was confirmed, from which the plaintiff appeals. Affirmed.

George E. Merritt, for plaintiff in error.

A. H. Walker and Loofbourrow & Loofbourrow, for defendants in error.

MASON, V. C. J. The proceeding grew out of a foreclosure action in the district court of Harper county, wherein the state of Oklahoma, on the relation of the Commissioners of the Land Office, was plaintiff, and Leo C. Wilson, Ada O. Wilson, David Ashlock, the board of county commissioners of Harper county, Okla., and Paul Braly, county treasurer of Harper county, were defendants.

Judgment was rendered in favor of the plaintiff, and against the defendants, foreclosing a mortgage on certain lands lying in Harper county.

Under and by virtue of an order of sale issued out of said court in said cause, the sheriff of said county sold the lands covered by said mortgage to the defendant in error, W. A. Davis, the highest bidder, for the sum of $1,600.

Thereupon, counsel for plaintiff filed a verified motion to set aside said sale, which, omitting the formal parts is as follows:

"Comes now the plaintiff herein, and moves the court to set aside the sale made by the sheriff in this case * * * on the following grounds, to wit:

"I. That the amount bid for the lands herein offered for sale is inadequate and far below the real value of the lands offered for sale; that said lands are of real value of $5,000 and that the sum of $1,600 bid is inadequate, and that the plaintiff, if said sale be confirmed, will suffer irreparable loss.

"2. That the plaintiff, the state of Oklahoma, on relation of the Commissioners of the Land Office, was not represented at said sale by reason of inadvertence and mistake upon the part of its law and executive clerk to the Commissioners of the Land Office, who act for and on behalf of the state of Oklahoma; that during the month of October something like ten to twelve sales of lands in different counties on mortgage foreclosures were being conducted; the plaintiff by its law and executive clerk, through the county attorneys in the various counties where sales were advertised, arranged with the county attorneys to appear for and present bids on behalf of the state so as to protect the state's interests; that this arrangement was always made some time prior to the date of sale; that by inadvertence or mistake upon the part of the plaintiff's law and executive clerk said arrangement was not made with the county attorney in Harper county, as had been the custom and practice, although said law and executive clerk was acting under the belief that same had been done, and believed that the state would be represented by a proper bid to protect its interest, and that he believed that all arrangements had been made for all the orders of sale that had been issued on behalf of the state in the various counties. That on the date of said sale the plaintiff's law and executive clerk was attending court in Woods county; that five appeal cases had been set in Payne county for October 16th, which were not reached until October 17th, and said law and executive clerk was engaged on the 17th and 19th, the 18th being Sunday, in the trial of said cases; that this plaintiff had one case set on a motion in Woods county for October 19th, being the case of Wilkinson v. Commissioners of Land Office, and that under the rules of said court, the representative of the plaintiff was required to file an affidavit showing that he was engaged in the trial of cases in another county, which cases had been set prior to the date of the setting of the Woods county case, and that the representative of the state was required under said rules to appear in the Woods county court immediately following the completion of the trial of cases in Payne county, and for that reason was out of his office in Oklahoma City when called by the sheriff

of Harper county to be advised as to what the state desired to do in connection with the sale."

The purchaser, W. A. Davis, then filed his motion to confirm said sale, and both motions subsequently came on for hearing before the district court and the purchaser moved for judgment on the pleadings, which was sustained and the plaintiff's motion to set aside the sale was overruled and the sale was confirmed. The plaintiff has perfected its appeal and for reversal it is urged that the trial court erred in overruling plaintiff's motion to set aside said sale.

The setting aside or refusing to set aside a sheriff's sale is largely within the sound legal discretion of the trial judge, and unless it affirmatively appears that the trial judge has abused his discretion, the judgment of the lower court will not be disturbed on appeal. Duncan v. Eck, 65 Okla. 250, 166 Pac. 121.

No evidence was introduced in support of plaintiff's motion to vacate, but the purchaser, by moving for judgment on the pleadings, which is in the nature of a demurrer, admitted the truth of the allegations of plaintiff's motion. Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35; Walker v. Von Wedel, 108 Okla. 292, 237 Pac. 86. Therefore, the question is, conceding the truthfulness of the allegations of the plaintiff's motion to vacate. Can it be said that the trial court abused its sound legal discretion in overruling said motion?

It is first insisted that, the plaintiff's judgment being for approximately $6,000 and said land being of a real value of $5,000, the consideration for said sale, to wit, $1,600, was grossly inadequate. We agree with counsel that the consideration was grossly inadequate, but, under the general rule as announced in all the cases on the subject, mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale.

It is next urged that gross inadequacy of consideration, coupled with very slight circumstances, is sufficient to set aside such a sale. Again we agree with counsel as to his general statement of law, but the slight additional circumstances referred to must show that the inadequate consideration was the result of fraud, mistake, or undue influence on the part of the sheriff or the purchaser, and that the party complaining has not been negligent. No such contention is made in the case at bar.

The second ground in the motion of plaintiff in error to vacate the sale can only be construed as a mistake on the part of the attorney for plaintiff in error in thinking that an arrangement had been made with the county attorney of Harper county whereby he would be present at the sale and represent the plaintiff in error. No doubt the attorney for the Land Office, as alleged in his motion, had official business elsewhere on the date of the sale, but that could not be recognized as a reason for setting aside the sale. It is not the policy of the law or the courts to relieve those who suffer through their own negligence, lack of attention, mistake or oversight, as alleged in the plaintiff's motion.

It may be that the trial court, in the exercise of its discretion, would have been justified in setting aside said sale on the showing made by plaintiff, but we cannot say that failure so to do was an abuse of the court's sound legal discretion.

The judgment, therefore, is affirmed.

BRANSON, C. J., and PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. pp. 838, 839, §2822; 35 C. J. p. 96, §155. (2) 31 Cyc, p. 606; 21 R. C. L. p. 594. (3) 35 C. J. p, 101, §§162, 164; p. 104, §165; 16 R. C. L, p. 95; 3 R. C. L. Supp. p. 542; 4 R. C. L. Supp. p. 1044; 5 R. C. L. Supp. p. 870.