## WASS et al. v. VICKERY.

No. 21124. Opinion Filed July 19, 1932.

Pruett & Wamsley, for plaintiffs in error.

C. Ross Hume, for defendant in error.

CULLISON, J. Plaintiff, Vickery, instituted suit against defendant Mason, seeking to recover the balance due on a contract for the construction of a house, and to foreclose a lien against said property. Mason defaulted, but certain other defendants intervened in said cause and defended in said action. From a judgment favorable to plaintiff, defendants appeal to this court. The parties will be referred to as they appear in the trial court.

This case was before the Supreme Court on a former appeal and reported in 137 Okla. 52, 278 P. 336.

The record discloses that defendant Mason was the owner of certain lots in Apache, Okla. He was employed by the Houston & Wass Lumber Company at the time he entered into an oral contract with plaintiff whereby plaintiff was to furnish all the labor and construct a house for Mason on his lots in Apache.

The Houston & Wass Lumber Company furnished the building material used in constructing the house. Plaintiff constructed the house and had completed the same with the exception of the front and rear doorsteps. Mason moved into the house and occupied the same. Shortly thereafter plaintiff constructed concrete doorsteps for said house, and on December 14, 1925, filed his lien against the property in question. Defendant Mason had not paid for the lumber and the lumber yard procured a mortgage on the premises in September, 1925, and placed said mortgage of record.

On February 9, 1926, Mason and wife gave a warranty deed to the lumber company. Plaintiff instituted this suit to foreclose his lien February 11, 1926. After the suit was filed, Houston & Wass intervened in said cause and defended throughout the proceedings.

The first assignment of error presented by defendants in their brief is that the judgment of the plaintiff, wherein the judgment decreed that said lots 11 and 12 belonged to plaintiff in error should be sold to satisfy the judgment of plaintiff against Mason, was not sustained by the evidence and was contrary to the law.

In support of said assignment of error, defendant contends that plaintiff did not file his lien within the statutory time, and having failed to file said lien within the statutory time, said lien was lost. The evidence discloses that the major portion of the house was completed by the last of June, 1925. The concrete doorsteps were not completed until in December of the same year. If the construction of the concrete doorsteps was not a part of the contract, the lien claimed was filed too late to protect plaintiff's right and preserve his lien, but if the concrete doorsteps were a part of the contract under the evidence in this case, the lien statement was filed in sufficient time to preserve plaintiff's lien.

The question of whether or not the construction of concrete doorsteps was a part of the oral contract for the construction of said house was a question of fact upon which evidence was introduced. The trial court, after having heard said evidence, found favorable to plaintiff, which was a finding that the doorsteps were a part of the contract, and that plaintiff's lien was filed in proper time to protect his rights under the lien law.

Under section 7461, C. O. S. 1921, as amended by chapter 54, sec. 1, Sess. L. 1923

[O. S. 1931, sec. 10975], plaintiff had a lien upon said property for labor performed for building the said house, provided he complied with the statutes relative to filing said lien as set out in section 7462, C. O. S. 1921 [O. S. 1931, sec. 10976].

Under the latter section, plaintiff had four months after the date upon which material was last furnished or labor last performed under the contract. Plaintiff having filed his lien in the proper public office before the expiration of four months, as required by statute, he retained his right to a lien upon said property and his lien was prior to the mortgage given by Mason to the lumber company under provisions of section 7461.

We have reviewed the evidence bearing upon the question of whether or not plaintiff was entitled to his lien, or whether or not he had lost said lien, and find that there is sufficient competent evidence to support the finding and judgment of the trial court favorable to plaintiff.

Defendants' final assignment of error is that the court erred in overruling defendant's motion for a new trial on the grounds of newly discovered evidence. Defendants filed a motion for new trial on the grounds of newly discovered evidence and attached to said motion the affidavit of M. D. Mason, one of the defendants in said cause, in which affidavit certain statements were made relative to the contract for the construction of said house, which evidence, defendants contend, would materially change the judgment in said cause. Plaintiff filed counter affidavits contradicting the affidavit of Mason.

All of said matters were presented to the trial court in considering said motion for a new trial, and the trial court weighed said matter and decided therein.

The matter of granting or refusing a new trial is a matter largely within the discretion of the trial court, and this court will not reverse a decision of the trial court upon granting or refusing a motion for new trial unless it is shown to be purely a question of law and that the trial court erred therein.

In the case at bar, the matter under consideration on the motion for new trial was a question of evidence. This case was filed on February 11, 1926. The trial was had on August 25, 1929, considerably more than three years after said cause was filed.

The showing upon which defendant seeks to procure a new trial is certain testimony of one of the defendants in said cause, which could have been ascertained prior to the time of said trial.

The ruling of the trial court upon the motion for a new trial was proper.

After fully considering the entire record in this case and the authorities cited therein, we hold that the decision of the trial court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY and Mc-NEILL, JJ., absent.