**STATE ex rel. OKLAHOMA CITY BLDG. & LOAN ASS'N v. HOOKER, Dist. Judge.**

No. 24701.   Oct. 17, 1933.

Rehearing Denied Jan. 23, 1934.

Everest, McKenzie, Halley & Gibbens, Raymond B. Everest, J. E. Bullard, A. K. Little, Russell Johnson, Lee Gill, L. D. Threlkeld, A. H. Mahnker, Frank Chilson, Potterf, Gray & Poindexter, and Sandlin & Winans, for plaintiff.

Nowlin, Conner & Conner, for defendant.

ANDREWS, J.  This is an original action in this court wherein the Oklahoma City Building & Loan Association seeks a writ of mandamus against Sam Hooker, district judge, to compel him to grant a default judgment.

In the petition it was alleged that on February 25, 1933, the plaintiff commenced an action in the district court of Oklahoma county against Ruth B. Carson and the Citizens Finance Company, the same being an action upon a promissory note and for foreclosure of a real estate mortgage; that summons was duly issued, served, and returned; that the time for answer expired on March 24, 1933; that on May 8, 1933, the plaintiff filed a written motion for a default judgment, which was presented to the defendant as one of the judges of the Thirteenth judicial district of the state of Oklahoma, and that after a hearing on said motion the defendant denied the motion for judgment

and stated that his sole ground for so doing was Senate Bill No. 76 of the Fourteenth Legislature of Oklahoma, chapter 16, Session Laws 1933, effective March 7, 1933.

The issues in this case are controlled by the decision of this court, this day rendered, in State of Oklahoma ex rel. Osage County Savings & Loan Association, a Corporation, Plaintiff in Error, v. Jesse J. Worten, Judge of the District Court of Osage County, State of Oklahoma, Defendant in Error, 167 Okla. 187, 29 P. (2d) 1. The law announced therein is adopted as the law of this case and the decision therein is applied herein.

The writ of mandamus is ordered to issue, directing the trial court to proceed with the cause in question without regard to the provisions of Senate Bill No. 76 of the Fourteenth Legislature and to apply the law and follow the procedure existing at the time of the commencement of the action in that court.

RILEY, C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, McNEILL, and OSBORN, JJ., dissent. CULLISON, V. C. J., absent.

---

Supplemental Opinion on Rehearing.

ANDREWS, J. In the petition for rehearing filed herein it is contended that this court has misconstrued the meaning of the provisions of section 54, article 5, of the Constitution, and that it has given to that section a construction different from that given to it in a number of former decisions of this court. It is further contended that this court should disregard the constitutional provision in question in order that relief might be afforded to certain persons who are in distress.

Those contentions are discussed in the supplemental opinion this day filed in a companion case, State ex rel. Osage County Savings & Loan Ass'n v. Worten, Judge of the District Court of Osage County, 167 Okla. 187, 29 P. (2d) 1.

Reference herein is made to that decision. We do not think it necessary to set out herein the contents thereof.

RILEY, C. J., CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, McNEILL, and OSBORN, JJ., dissent.