## OKLAHOMA CITY BUILDING & LOAN ASS'N v. BURNES.

### No. 24707. Oct. 17, 1933.

Everest, McKenzie, Halley & Gibbens, Raymond B. Everest, J. E. Bullard, A. K. Little, Russell Johnson, Lee Gill, L. D. Threlkeld, A. H. Mahnker, Frank Chilson, Potterf. Gray & Poindexter, and Sandlin & Winans, for plaintiff in error.

Raymond J. Tatora, for defendant in error.

ANDREWS, J. The record shows that this cause was commenced in the district court of Oklahoma county on May 23, 1932, for the purpose of procuring a money judgment on a promissory note and a judgment for the foreclosure of a real estate mortgage given to secure the same; that on August 15, 1932, a judgment was rendered in favor of the plaintiff in the amount sued for and for the foreclosure of the mortgage; that the property was ordered sold to satisfy the judgment indebtedness in the event it was not paid within six months from date; that on February 16, 1933. an order of sale was issued and the property sold by the sheriff and purchased by the plaintiff; that a motion to confirm the sale was filed; that thereupon the defendant filed a motion for continuance thereof in which he alleged that the property was his homestead and in which he tendered the amount of taxes then due against the property; that on May 3, 1933. after a hearing, the court ordered the motion for confirmation continued nine months, by reason of the provisions of Senate Bill No. 76 of the Fourteenth Legisla-

ture, chapter 16, Session Laws 1933, effective March 7, 1933, and that from that ruling of the court the plaintiff appealed to this court.

The issues in this case are controlled by the decision of this court, this day rendered, in cause numbered 24681, entitled State of Oklahoma ex rel. Osage County Savings & Loan Association, a Corporation, Plaintiff in Error, v. Jesse J. Worten, Judge of the District Court of Osage County, State of Oklahoma, Defendant in Error, 167 Okla. 187, 29 P. (2d) 1. The law announced therein is adopted as the law of this case and the decision therein is applied herein.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to proceed with the cause in question without regard to the provisions of Senate Bill No. 76 of the Fourteenth Legislature, and to apply the law and follow the procedure existing at the time of the commencement of the action in that court.

RILEY, C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, McNEILL, and OSBORN, JJ., dissent. CULLISON, V. C. J., absent.