## ALDRIDGE HOTEL CO. et al. v. MAINARD.

No. 25265.    April 9, 1935.

R. J. Roberts and V. R. Biggers, for plaintiff in error.

Pryor & Wallace, for defendant in error.

PER CURIAM. The action out of which this proceeding arose was commenced on the first day of August, 1932, in the district court of Seminole county by J. L. Mainard, as plaintiff, against the Aldridge Hotel Company, a corporation, W. F. Parker, E. C. Aldridge, G. B. Sherritt, L. W. Cozart, W. C. Bunyard, Exchange Trust Company, a corporation, trustee, Oklahoma Gas & Electric Company, a corporation, and D. C. Davis, defendants, upon plaintiff filing his petition in the district court of said county asking for judgment on a note for $40,000, with interest thereon at 10 per cent., attorney's fees and costs, and for foreclosure of mortgage upon certain hotel property, together with the lot or lots upon which the same was located. Judgment was rendered on the 6th day of December, 1932, in favor of the plaintiff for $40,000 principal, $7,572 interest, with interest thereon at the rate of 10 per cent. per annum from date of judgment, $4,000 attorney's fees, and costs, and foreclosure of mortgage and for sale of the property covered by said mortgage. That in pursuance of said judgment and decree, an order of sale was issued on the 9th day of August, 1933, and after due advertisement the same was sold at public sale on the 12th day of September, 1933. A motion was filed to confirm said sale, and on the 22nd day of September, 1933, objections and exceptions to confirmation of sale were filed in said cause and response was filed to said objections and exceptions on the 28th day of September, 1933. A trial was had on the 9th day of October, 1933, and objections were overruled and an order made confirming the sale. A motion for new trial was filed on October 11, 1933, and overruled on October 23, 1933, and in the order overruling said motion 60 days were given to prepare and serve case-made from and after the 9th day of October, 1933, and also an order was made on the said date extending the time for serving case-made, giving 15 days' additional time from the statutory time.

The appeal comes to this court upon the objections and exceptions to the confirmation of the order of sale and from the order of court overruling objections and exceptions and confirming said sale. Evidence was taken on the motion to confirm sale and the objections and exceptions thereto, in which it was shown that no interest had been paid upon the mortgage, which amounted to $7,572 prior to the judgment rendered December 6, 1932, and none had been paid since that date, and that taxes had accumulated upon said property in the sum of at least $5,500, and that nothing had been applied on the judgment, except the rents accruing in the sum of $175 per month. It was further shown in said testimony that the property originally cost about $55,000, and the witness gave as his opinion that the property was worth the sum of $45,000, and at the hearing the plaintiff, J. L. Mainard, offered to take 50 cents on the dollar for his claim and assign the property back to the defendants. It was further shown in the testimony that the witness, who was manager of the building, knew of the sale, and had his attorney representing him, and at the time of the last order he did not have anybody who would pay any more for the property than the amount of the bid. At the close of the testimony the court found that in his view of the case there was no prospect for the property to bring an additional amount to pay the interest, the ad valorem and paving taxes, and insurance, and that he could not see that either party would be benefited materially by continuing the confirmation of the sale, and that the plaintiff had put $40,000 of his own money into the property for which the note and mortgage was given, and the balance of the judgment was given for accumulated interest and attorneys' fees and costs, with no prospect for a long time to come of any advance in the price commensurate with the accumulating interest, taxes, insurance, and upkeep of the building, and at that time he made the order confirming the sale and ordering the sheriff to execute a deed therefor, from which order this cause comes regularly on appeal to this court.

The defendant W. F. Parker sets up numerous assignments of error, but contents himself in his brief to presenting the same to the court upon the following propositions:

"A. Refusal of the court to continue the hearing on the motion to confirm the sale.

"B. Overruling exceptions to return of sale and confirming sale.

"(a) Judicial discretion defined.

"(b) Duty of court in exercise of judicial discretion on confirmation of sale.

"(aa) Inadequacy of price bid for property sold.

"(bb) Distress, necessity and economic emergency."

The plaintiff, J. L. Mainard, in brief of counsel, first insists on his motion to dis-

miss the appeal, but, upon examination of the record, we find that on the 11th day of September, 1934, this court denied the motion to dismiss, and from the record, the statute law, and the decisions of this court, we think that the denial of this motion to dismiss was properly overruled by this court.

We will now pass to a discussion of the contentions of the parties in their briefs on the merits of the appeal.

In the first place it seems that the defendant W. F. Parker, through his attorneys in their brief, relies to a very large extent upon the act of the Legislature found at chapter 16, page 42, of the Session Laws 1933, commonly termed "The Mortgage Moratorium Act." This act is not applicable to the proceedings in this foreclosure proceeding, for the reason that this action was begun on August 1, 1932, and judgment rendered on the 6th day of December, 1932, months before the effective date of said legislative act, and:

"The provision of section 54, art. 5, of the Constitution of Oklahoma that the repeal of a statute shall not affect any proceedings begun by virtue of such repealed statute applies whether the repeal be expressed or implied, the purpose of the provision being to require an action to pass to judgment under the law applicable thereto at the time of the institution of the action unaffected by any change in the law made after the institution of the action.

"Senate Bill No. 76 of the Fourteenth Legislature of Oklahoma, chap. 16, Session Laws of 1933, does not affect proceedings for the foreclosure of real estate mortgages begun prior to the effective date of that legislative enactment and pending on that date, notwithstanding the provisions of the legislative enactment to the contrary.

"In so far as Senate Bill No. 76 of the Fourteenth Legislature of Oklahoma, chapter 16, Session Laws of 1933, purports to change the procedure in a proceeding pending at the time of the effective date thereof, it is ineffective, unconstitutional, and void."

The above-quoted paragraphs are to be found in the case of State ex rel. Osage County Savings & Loan Association v. Worten. District Judge, 167 Okla. 187, 29 P. (2d) 1; Oklahoma City Building & Loan Association v. Burnes, 167 Okla. 53, 29 P. (2d) 22, and in the case of State ex rel. Roth v. Waterfield, County Clerk, 167 Okla. 209, 29 P. (2d) 24.

It was held that section 1 of said statute was invalid and unconstitutional, in that it delayed mortgage foreclosure actions without adequate compensation to the mortgagee, and without any provision for the protection of the mortgage during the period of the delay.

There might be another ground urged here against this proposition as being violative of the provision of the Constitution that guarantees to each citizen an early and speedy trial, and there might be a further ground here for holding that this act does not apply in this case, for the reason that there is no offer on the part of the movant for delay to pay the taxes, interest, or to do the other things necessary to entitle him to the relief as provided in said act.

We next pass to the questions presented here as to whether the trial judge abused his discretion in overruling the objections and exceptions to the confirmation of the sale and in ordering said sale. The learned counsel for the defendant W. F. Parker cited numerous authorities showing an exhaustive research into the opinions of state and federal courts, but upon examination of his Kansas and other cases, we find they practically all hold generally that inadequacy of price alone is not sufficient to authorize the setting aside of sheriff's sale, but that great inadequacy of price is a circumstance which courts will always regard with a suspicion, and in such cases slight additional circumstances only are required to authorize the setting aside of the sale, and that the court before confirmation should see that no wrong has been accomplished in and by the manner in which the sale was conducted, and in the cited cases there appears in most of them some wrongful act upon the part of the parties interested in the sale, or some insurmountable circumstance that deprived the party moving to have the sale not confirmed or to set the same aside, either that he was prevented from being present or bidding at the sale, or that the parties made false representations of some kind concerning the sale.

In the case from the Supreme Court of the United States, decided by Justice Brewer, relied upon, Ballentyne v. Smith, Trustee, 205 U. S. 286, 51 L. Ed. 803, 27 Sup. Ct. 527, we find that a sale was made of a railroad in the Hawaiian Islands, together with its equipment, which had cost $78,000 to construct, exclusive of the right of way, and that it had been bonded three years before the sale for $50,000, and that at the time of the sale there was bid and it was sold for only $1,100. The commissioner who made the sale recommended that the

sale should not be confirmed, and the trial court set aside the sale and the order setting aside the sale was approved by the Supreme Court of the Territory, and upon appeal to the Supreme Court of the United States, the court said that the courts of Hawaii that had passed upon the question were more familiar with the condition of things in Hawaii, and, therefore, more competent to appreciate the significance of the transactions attending the sale, and the Supreme Court affirmed the decision of the trial court under those conditions.

The conditions here present an entirely different question. The trial court has confirmed the sale. There was no fraud practiced in this case; the parties were not deprived of the right to be present and bid on this property.

The action was instituted on August 1, 1932. Judgment was rendered December 6, 1932. This property was not advertised for sale until over a year after the action was commenced and over eight months after judgment had been rendered in this case, and there is no fraud or misconduct on the part of the plaintiff, J. L. Mainard, or anyone acting by, through or under him, but the whole proceeding was regular, and the only question, then, for this court to decide is whether the price of $12,500 bid by him, under the circumstances, was so inadequate as to shock the conscience of the court.

This property had cost in the day of high prices the amount of money heretofore shown, and was estimated, based upon the cost price, that it ought at the time of the sale to have been worth $45,000, but there was accumulating interest, back taxes, there was insurance, there were attorneys' fees, there were costs, and there was this judgment standing against this property, to say nothing of the cost of upkeep, the danger from fire or tornado or from other ravages of the elements or some other untoward circumstance, and there was no person able or willing to buy the property, although the purchaser of the property offered to take 50 per cent. of his claim and sell it to anybody for one-half of what he had in it, with no takers. It is also to be taken into consideration that there was over $4,000 in interest accumulating each year. There was also accumulating paving and ad valorem taxes each year. There was also an accumulation of insurance premiums to be paid, with nothing to pay them, except a bare $175 rental per month, or $2,100 per year.

The above items were considered by the court, as shown by the record in this case, at the time he confirmed the order, and we cannot say, and will not say, that the court was guilty of abuse of judicial discretion in confirming the sale and overruling the objections and exceptions to the confirmation and in sustaining the motion for confirmation and ordering deed to be executed and delivered to the purchaser, J. L. Mainard.

Then, under all the circumstances shown by the record, and under the law and under the evidence, we feel that the judgment of the lower court in confirming said sale should be, and it is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys William P. Thompson, Frederick B. Owen, and F. A. Rittenhouse in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thompson and approved by Mr. Owen and Mr. Rittenhouse, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.