BARNARD et al. v. FIRST NAT. BANK OF MIAMI et al.

No. 24793. March 17, 1936.

E. Robitaille and Vernon Roberts, for plaintiffs in error.

E. C. Fitzgerald, for defendants in error.

PER CURIAM. This is an appeal from the district court of Ottawa county and arises out of a foreclosure action in said court wherein the First National Bank of Miami,

Okla., a corporation, was plaintiff and C. C. Barnard and Lena F. Barnard and Security Bank & Trust Company, a corporation, and board of county commissioners of Ottawa county were defendants. The parties will hereinafter be referred to as they appeared in the trial court.

On December 22, 1932, judgment was rendered in favor of the plaintiff and against the defendants foreclosing a mortgage on certain real estate situated in Ottawa county and ordered the sale thereof after appraisement. In accordance with said judgment an order of sale and special execution was issued out of the office of the court clerk on February 2, 1933, and pursuant to the commands of said writ the sheriff of Ottawa county levied upon the lands therein described and caused the same to be appraised as upon execution. The return of the appraisers fixed the value of the property at the sum of $1,800. The defendants C. C. Barnard and Lena F. Barnard thereupon sought to have the sheriff restrained from further proceeding with said sale, alleging in their motion for this purpose that on account of the depression the appraisement did not reflect the true value of the property, and for the same reason said property would not sell for its real value, and that also this condition would prevent competitive bidding at such sale. Said defendants urged that said sale should therefore be restrained both under the broad chancery powers of the court and also by reason of the provisions of chapter 16, Session Laws 1933. The court, after hearing evidence upon this application, denied it. Thereafter, on March 13, 1933, under and by virtue of said order of sale and special execution, the sheriff of Ottawa county sold the property levied upon thereunder, and described in the mortgage and judgment foreclosing the same, to the plaintiff. At said sale plaintiff bid the sum of $2,000 for the property, which was $200 more than the value thereof as fixed by the appraisers. Plaintiff thereupon filed motion to confirm said sale; before this was acted upon the defendants C. C. Barnard and Lena F. Barnard filed objection to the confirmation of said sale wherein they urged that on account of the depression then existing and the fact that the banks were closed under proclamations of the President of the United States and the Governor of Oklahoma, competitive bidding was impossible and that said property was consequently sold for a grossly inadequate consideration. The motion to confirm said sale and the objections thereto were heard and considered together. At the hearing of said motion and objections further testimony

was introduced as to the value and condition of the property in addition to that which had been produced upon the hearing for restraining order. From this testimony the value of the property in normal times was estimated in amounts varying from $3,000 to $7,000. This testimony also disclosed that taxes against the property were delinquent for a number of years and at the time of the hearing amounted to approximately $500. It was also brought out at these hearings that the rents had not been applied on the indebtedness against the property, but had been diverted. The court after weighing all the evidence was of the opinion that the same was insufficient to sustain the contentions of the defendants, and thereupon overruled their objections and sustained plaintiff's motion, and confirmed the sale. The defendants C. C. Barnard and Lena F. Barnard alone appeal to this court.

Defendants assign four specifications of error and present them under three propositions. The question raised under the first proposition, relative to the record failing to show the seal of the court on the order of sale, has been eliminated by correction of the record under the previous order of this court herein.

This leaves for consideration the second and third propositions, which may be summarized as error of the court in refusing to stay confirmation pursuant to the provisions of chapter 16, Session Laws 1933, and abuse of judicial discretion and refusal of the court to deny confirmation under its broad chancery powers. Defendants cite and rely wholly upon Strothers v. Wilkinson, 108 Okla. 57, 233 P. 719 (wherein we held that a bidder at a judicial sale is subject to contempt proceedings if he neglects or refuses to make good his bid); and the case of Suring State Bank v. Giese (Wis.) 246 N. W. 556, 85 A. L. R. 1-177. For reasons that will appear later in this opinion we deem the first case cited to be inapplicable to the situation presented by the record herein; and as to the latter case we have heretofore discussed the holding therein announced at some length in the case of State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123 (which see for collection of previous decisions of this court and full discussion of their holdings therein as well as decisions from other jurisdictions). We are of the opinion, however, that the questions presented by this appeal are not within the rule announced in the above cited case, but are more nearly analogous to the questions which were raised and decided by us in Aldridge

Hotel Co. v. Mainard, 171 Okla. 422, 43 P. (2d) 738, wherein we said:

"In the first place, it seems that the defendant W. F. Parker, through his attorneys in their brief, relies to a very large extent upon the Act of the Legislature found at chapter 16, p. 42, of the Session Laws 1933, commonly termed 'The Mortgage Moratorium Act.' This act is not applicable to the proceedings in this foreclosure proceeding, for the reason that this action was begun on August 1, 1932, and judgment rendered on the sixth day of December, 1932, months before the effective date of said legislative act, and:

" 'The provision of section 54, art. 5, of the Constitution of Oklahoma, that the repeal of a statute shall not affect any proceedings begun by virtue of such repealed statute, applies whether the repeal be expressed or implied, the purpose of the provision being to require an action to pass to judgment under the law applicable thereto at the time of the institution of the action unaffected by any change in the law made after the institution of the action.

" 'Senate Bill No. 76 of the Fourteenth Legislature of Oklahoma, chap. 16, Session Laws of 1933, does not affect proceedings for the foreclosure of real estate mortgages begun prior to the effective date of that legislative enactment and pending on that date, notwithstanding the provisions of the legislative enactment to the contrary.

" 'In so far as Senate Bill No. 76 of the Fourteenth Legislature of Oklahoma, chapter 16, Session Laws of 1933, purports to change the procedure in a proceeding pending at the time of the effective date thereof, it is ineffective, unconstitutional, and void.'

"The above quoted paragraphs are to be found in the case of State ex rel. Osage County Savings & Loan Association v. Worten, District Judge, 167 Okla. 187, 29 P. (2d) 1, Oklahoma City Building & Loan Association v. Barnes, 167 Okla. 53, 29 P. (2d) 22, and in the case of State ex rel. Roth v. Waterfield, County Clerk, 167 Okla. 209, 29 P. (2d) 24. * * *

"We next pass to the questions presented here as to whether the trial judge abused his discretion in overruling the objections and exceptions to the confirmation of the sale and in ordering said sale. The learned counsel for the defendant W. F. Parker cited numerous authorities showing an exhaustive research into the opinions of state and federal courts, but, upon examination of his Kansas and other cases, we find they practically all hold generally that inadequacy of price alone is not sufficient to authorize the setting aside of sheriff's sale, but that great inadequacy of price is a circumstance which courts will always regard with a suspicion, and in such cases slight additional circumstances only are required to authorize the setting aside of the sale, and that the court before confirmation should see that no wrong has been accomplished in and by the manner in which the sale was conducted, and in the cited cases there appears in most of them some wrongful act upon the part of the parties interested in the sale, or some insurmountable circumstance that deprived the party moving to have the sale not confirmed or to set the same aside, either that he was prevented from being present or bidding at the sale, or that the parties made false representations of some kind concerning the sale."

It will be observed that what we have said in the above case answers every contention advanced by the defendants here. The regularity of the proceedings had by the sheriff in connection with the sale is not disputed. The record discloses that the purchaser bid more than the appraised value of the property. Since the purchaser was the judgment creditor, payment of the purchase price to the sheriff was not necessary, as it was entitled to have the amount of its bid credited on its judgment. The defendants wholly failed to show that the fact that the banks were closed in any manner prevented anyone from bidding on the property, and it appears that this contention was an afterthought, since at the hearing on the application for the restraining order, which was had prior to the closing of the banks, the defendants were contending that on account of the depression the property would not bring its real value and for the same reason there would be no competitive bidding. Land as well as other property fluctuates more or less in value, and naturally during periods of economic depression will be less desirable than at other times. However, this does not justify a court in refusing to confirm a sale otherwise regular and where the price bid is not shown to be so grossly inadequate as to shock the conscience of the court. The record further shows that the price bid for the property herein involved was a substantial amount and was more than the value as fixed by the appraisers, and that such amount was bid subject to a rather heavy tax burden. We cannot see from this evidence that the price bid was even inadequate, much less grossly inadequate. Our conclusion in this respect is further strengthened by virtue of the fact that the defendant Security Bank & Trust Company, which held a second lien on the property, apparently did not consider that there was any equity in the property over and above the price bid by the plaintiff, since they did not seek to protect their lien on said property. Under these circumstances, we conclude that the court did not abuse its judicial discretion in confirming the sale and

in overruling the objections and exceptions of defendants thereto.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J.. and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., absent.