## LOCAL FEDERAL SAVINGS & LOAN ASS'N v. KNIE et al.

No. 27135.   Oct. 20, 1936.

Everest, McKenzie & Gibbens, for plaintiff in error.

Ash & Plumlee, for defendants in error.

PER CURIAM. Mortgage foreclosure on lots in New Cordell, Okla. Judgment for plaintiff for $3,025.28, plus interest at 10 per cent. per annum, and attorneys' fees of $325, costs, and foreclosure of mortgage. Real estate appraised by three disinterested householders at $2,000. Plaintiff at foreclosure sale paid the full amount of the appraisement, to wit, $2,000. On motion to confirm, contested by defendants, the court found that the value of the property was $4,114.20, and found that the purchase price was grossly inadequate, and refused to confirm the sale unless the plaintiff should remit the deficiency, less $240 rental received by defendants from a portion of the property after foreclosure was begun. Plaintiff in error duly filed motion for new trial, which was overruled, and has appealed from the judgment of the court denying confirmation and overruling motion for new trial.

The trial court erred. It was a clear abuse of a sound legal discretion. The action of the trial court in refusing to confirm the sale was based solely upon gross inadequacy of consideration. The court made no finding whatever of any fraud, unfairness, irregularity, inadvertence, or impropriety. In fact, the judgment recited that otherwise the sale was regular, as required by law. Gross inadequacy of consideration is not sufficient to justify denial of confirmation, unless the

634

inadequacy be so gross as to shock the conscience of the chancellor. Inadequacy needs but slight additional circumstances of fraud, unfairness, irregularity, and the like, to justify refusal to confirm. There is no such situation here.

We have carefully read and considered all of the cases cited by both plaintiff in error and defendants in error, and other cases in addition, and the general rule to be gleaned from all of the cases is that, in the absence of fraud and unfairness, mere inadequacy of price will not invalidate a foreclosure sale or justify denial of confirmation, unless the price is so grossly inadequate and unconscionable as to shock the moral sense, or unless there be additional circumstances of · fraud, unfairness, inadvertence, irregularity or impropriety. However, if there be great inadequacy, slight circumstances of unfairness or of fraud or of impropriety, or other irregularity, will suffice to justify setting the sale aside or refusing to confirm. It is difficult to state a more definite rule, and each case must stand upon its own facts.

In the case of State ex rel. Commissioners of Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123, this court quoted with approval from Duncan v. Eck, 65 Okla. 250, 166 P. 121, as follows:

"As a general rule, mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but all of the authorities hold uniformly that when gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient to set aside such sale, and that where the consideration is so grossly inadequate as to shock the conscience of the court, or is very great, it is alone sufficient. Fowler v. Krutz, 54 Kan. 622, 38 P. 808; Means v. Rosevear, 42 Kan. 377, 22 P. 319; Magann v. Segal, 92 F. 252, 34 C. C. A. 323; Wolfert v. Bank, 5 Kan. App. 222, 47 P. 175. These cases also give apt illustrations of circumstances under which courts will set aside a sheriff's sale.

"It is the duty of the court in confirming or setting aside a sheriff's sale to protect all parties concerned, the owners and the creditors of the owners, as well as the purchaser."

In the case of Aldridge Hotel Co. v. Mainard, 171 Okla. 422, 43 P. (2d) 738, this court held, as evidenced by syllabus No. 4:

"Inadequacy of price alone is not sufficient to authorize setting aside of mortgage foreclosure sale, but great inadequacy of price, with slight additional circumstances, justifies setting aside sale."

The Supreme Court of the United States follows the same rule. In the case of Graffam

v. Burgess, 117 U. S. 180-191, 6 S. Ct. 686, 29 L. Ed. 839, that court, speaking through Mr. Justice Bradley, said:

"In this country, Lord Eldon's views were adopted at an early day by the courts, and the rule has become almost universal that a sale will not be set aside for inadequacy of price, unless the inadequacy be so great as to shock the conscience, or unless there be additional circumstances against its fairness; being very much the rule that always prevailed in England as to setting aside sales after the master's report had been confirmed."

The decisions of this court are so numerous and uniform to the foregoing effect that we do not deem it necessary to quote from them at length.

The essence of the matter is this: The lots were appraised at $2,000. The purchaser bid the full amount of the appraisement, to wit, $2,000. Upon objections to motion to confirm, the court found the value of the property to be $4,114.20. These facts do not measure up to the requirements which justify refusal to confirm.

The cause is reversed, with directions to the trial court to confirm the sale.

The Supreme Court acknowledges the aid of Attorneys E. C. Mead, O. A. Shaw, and Carl H. Livingston in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mead and approved by Mr. Shaw and Mr. Livingston, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.