McDONALD et al. v. HARROD et al.

No. 30803. March 2, 1943.
Rehearing Denied March 23, 1943.
Application for Leave to File Second Petition for Rehearing Denied April 20, 1943.

*135 P. 2d 979.*

Fred L. Hoyt and Frederick J. Hoyt, both of Oklahoma City, for plaintiffs in error.

Chas. D. Scales, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment entered on the 8th day of August, 1941, confirming a sheriff's sale and directing a deficiency judgment for $3,578.10 and costs in a foreclosure proceeding for the sale of two separate pieces of real property. On July 17, 1939, judgment in foreclosure was obtained by J. Q. A. Harrod, hereinafter called plaintiff, to satisfy a lien for $9,758.10. On May 29, 1941, an order of sale was issued and notice given thereafter, and on the 11th day of July, 1941, pursuant to said order, the property was sold at sheriff's sale and bid in by the plaintiff for $5,800. On the 12th day of July, 1941, plaintiff filed a motion to confirm sale, and on the 14th day of July, 1941, filed a motion for leave to enter a deficiency judgment. On the 22nd day of July, 1941, A. B. McDonald and Jennie Lou McDonald, hereinafter called defendants, filed their objection to the confirmation and motion to set aside the sale and amended the same thereafter on the 1st day of August, 1941.

The court, after hearing the evidence offered by both parties, overruled the objections and entered the order confirming sale and at the same time entered a deficiency judgment as above stated.

At the hearing below the defendants offered evidence to the effect that a few days prior to the sale the defendants proposed a settlement of the entire indebtedness, conditioned on a complete release, for $7,000, and that after a promise to bid in the property and comply with the alleged agreement plaintiff breached this agreement and bid in the property for $5,800; that defendants were prevented from attending the sale and that if they had been present they would have had a bidder who would have bid $7,200. On objection by the plaintiff the court excluded this offer of proof. The court then heard evidence of the value of the property as provided by Title 12, chapter 12, § 1, S. L. 1941, now appearing as amended in 12 O. S. 1941 § 686, and fixed the value of the premises at $6,000 and entered the deficiency judgment above referred to. From the order confirming the sale and the establishing of the deficiency judgment, the defendants have appealed.

The defendants have presented eleven specifications of error which they argue under two general propositions. It is first claimed that the court erred in excluding the offer of proof that the plaintiff practiced fraud and deception and unfairness in connection with the sale. It is also stated in the brief that plaintiff did not pay the purchase price as provided by law. The regularity of the proceeding had by the sheriff is not disputed. Since the purchaser was the judgment creditor, payment of the purchase price to the sheriff was not necessary, as he was entitled to have the amount of his bid credited on his judgment. Barnard v. First Nat. Bank, 176 Okla. 326, 55 P. 2d 972.

It is argued that gross inadequacy of consideration coupled with very slight circumstances of fraud is suffi-

cient to set aside a sale; that the offer to prove the alleged agreement to allow the defendants to pay $7,000 and receive the property free from the lien when connected with the inadequacy of price, to wit, $5,800, received for the property, constitutes fraud plus inadequacy in price which will justify the court in setting aside the sale. This is different from arguing that the trial court abused its discretion when it refused to vacate such a sale. See State ex rel. Commissioners of Land Office v. Wilson, 124 Okla. 236, 254 P. 968, where the court held the trial court might have vacated the sale in its discretion, but refused to disturb an order of confirmation.

A motion to confirm a sale and the objections to the confirmation are addressed to the discretion of the trial court. State ex rel. v. Wilson, supra; Kline v. Evans, 103 Okla. 44, 229 P. 427. Slight additional circumstances of fraud sufficient to set aside a sale on the ground of inadequacy of price must be alleged to be and proof must show that the inadequacy of consideration was the result of the fraud, mistake, or undue influence on the part of the sheriff, plaintiff, or the purchaser. State ex rel. Commissioners of Land Office v. Wilson, supra.

This court has held that an oral agreement to purchase the property and convey the same to the judgment debtor is unenforceable. Babcock v. Collison, 73 Okla. 232, 175 P. 762; Abraham v. McSoud, 188 Okla. 409, 109 P. 2d 822. Defendants have cited Dickinson-Reed-Randerson Co. v. Markley, 117 Okla. 17, 244 P. 754; State ex rel. Commissioners of Land Office v. Wilson, supra; State ex rel. Commissioners of Land Office v. Sutton, 127 Okla. 35, 259 P. 551; Barnard v. First Nat. Bank, 176 Okla. 326, 55 P. 2d 972; Cole v. Prudential Ins. Co. of America, 181 Okla. 47, 73 P. 2d 119; Schave v. New York Life Ins. Co., 185 Okla. 554, 94 P. 2d 892. Not a single one of these cases applies the rule in favor of setting aside a sale. We have examined these authorities and find that they are not in point, or decisive of the question presented herein. We are of the opinion, and hold, that there was no showing or offer of showing of inadequacy of price coupled with fraud or deceit which would require the court to refuse to enter the order confirming the sale.

The second proposition is without merit. Therein defendants object to the plaintiff's method of obtaining the deficiency judgment. Several witnesses were called by both parties to establish the market value of the property as provided by Title 12, chap. 12, § 1, S. L. 1941, now appearing as amended in 12 O. S. 1941 § 686. The court fixed the value thereunder at $6,000, $200 more than the bid placed thereon by the plaintiff and credited on the judgment by the court, and entered the deficiency judgment in substantial accord with the statutory provision. Under such circumstances this court will not disturb the finding of the trial court as to the deficiency judgment.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.