The FIRST NATIONAL BANK OF
PAULS VALLEY, Oklahoma, a
banking corporation, Appellee,

v.

David L. CRUDUP and Joyce M. Crudup,
husband and wife, First Mortgage Insurance Company of Greensboro, North Carolina, and Pauls Valley National Bank of Pauls Valley, Oklahoma, a banking corporation, Appellants.

No. 55055.

Supreme Court of Oklahoma.

Nov. 9, 1982.

As Corrected Nov. 10 and Nov. 15, 1982.

Rehearing Denied Feb. 1, 1983.

Dean Hart, Jr., Hart, Rennie, McClain & Hart, Pauls Valley, for appellee.

Robert T. Rennie, Jr., Scarce, Tipton & Rennie, Pauls Valley, for appellants.

OPALA, Justice:

The two dispositive issues on certiorari are: [1] Does the pre-1977 version of 42 O.S.1981 § 172—which allowed foreclosure suits to be brought within one year after maturity of the note attached to a lien statement—govern this case? [2] Can this court establish, from the record before it, the priority rank of competing lien claims in suit? We answer the first question in the affirmative and the second in the negative.

The First National Bank of Pauls Valley [Bank] sought to foreclose its mortgage on the Crudups' home. Defendants in suit were (a) the First Mortgage Insurance Company of Greensboro, North Carolina, assignee of a materialman's lien with promissory note attached [lien claimant], (b) Pauls Valley National Bank, holder of judgment lien [judgment creditor], and (c) the Crudups [homeowners]. Lien claimant interposed a cross-claim against the homeowners to foreclose its lien. Another cross-claim was asserted against the judgment creditor (Pauls Valley National Bank) and a counterclaim against the Bank for a decree declaring the lien to be prior and superior to the mortgage.

The trial court ruled that (a) the Bank's mortgage ranked first in priority, (b) the judgment lien was second and (c) the materialman's lien claim stood extinguished because it was barred by the one-year limitations period provided by the 1977 amend-

ment to 42 O.S.1971 § 172. Judgment for lien claimant on the promissory note was accorded a third rank in priority. The Court of Appeals reversed the trial court's judgment. It held the 1977 amendment inapplicable to the suit. By its opinion the case was remanded with directions (a) to vacate those portions of the judgment which held the materialman's lien extinguished and the Bank's mortgage a first-priority lien and (b) to render judgment for the lien claimant. We granted certiorari on the Bank's petition and now reverse the trial court's judgment, remanding the cause with directions. Our holding here is that, for the reasons to be stated in Part I of this opinion, the lien claimant's remedy was saved from extinguishment by the command of Art. 5 § 54, Okl. Const.

I.

THE MATERIALMAN'S LIEN IN SUIT IS GOVERNED BY THE LIMITATIONS PERIOD IN FORCE WHEN LIEN STATEMENT WAS FILED

When the lien statement, with promissory note attached to it, was filed, statutory law then in effect, 42 O.S.1971 § 172, provided in pertinent part:

"Any lien provided for by this Chapter may be enforced by civil action in the District Court of the County in which the land is situated, and such action shall be brought within one (1) year from the time of the filing of said lien with the Clerk of said Court: *provided, that where a promissory note is given,* and said note or a copy thereof is filed and made a part of the lien statement at the time said statement is filed, such action may be brought at any time *within one year from the maturity of said note.* * * * " [Emphasis added].

The 1977 amendment of § 172[1] is silent with respect to its effect upon *filed* lien statements with unmatured promissory

1. The amendatory act of 1977, now 42 O.S.1981 § 172, provides in pertinent part:

"Any lien provided for by this chapter may be enforced by civil action in the district court of

the county in which the land is situated, and such action shall be brought within one (1) year from the time of the filing of said lien with the county clerk. * * * "

notes attached.[2] The Bank argues that the amendatory act applies here to the materialman's claim in suit. The one-year statute of limitations, the Bank urges, began to run against the lien claim the moment the new statute became effective and had expired when the cross-claim against homeowners came to be filed.[3]

We find the argument untenable. Art. 5 § 54, Okl. Const., provides that:

"The repeal of a statute shall not revive a statute previously repealed by such statute, *nor shall such repeal affect any* accrued right, or penalty incurred, or *proceedings begun by virtue of such repealed statute.*" [Emphasis added].

The quoted provisions of our fundamental law protect from legislative extinguishment "accrued" interests acquired or "proceedings begun" under a repealed or amended statute.[4] The term "proceedings begun" refers to essential steps or measures to invoke, establish or vindicate a right.[5]

Within the meaning of § 54, the phrase "proceedings begun" most surely embraces all of the statutory steps required by law for the establishment and foreclosure of a statutory lien claim.[6] Timely filing of a lien statement is necessary to impress a materialman's lien. It is a condition precedent to a foreclosure.[7] It is indeed the first critical step in the "proceedings begun".

The Bank contends that the post-1977 version of § 172—which makes foreclosure suits subject to a one-year limitation—applies to the instant case. The changes made by the amendment, we are told, were "merely procedural" and hence the limitations period in force when the present action was commenced must control here. We are urged that since statutes of limitation are matters of procedure and not of substantive rights, they may be given retrospective effect. The Bank's position, if adopted, would shift the focus of our inquiry from the protections afforded by Art. 5 § 54, Okl. Const., to a mechanistic application of the right/remedy dichotomy. The pre-foreclosure period—afforded the lienholder by the provisions of 42 O.S.1971 § 172—during which the lien, once filed, could be kept impressed on the homeowners' property by the terms of the unmatured note attached to the statement, was an integral ingredient of the "accrued right" which is here constitutionally shielded from invasion by after-enacted legislation.

A filed lien statement doubtless constitutes an "accrued right" that is postured in the status of "proceedings begun". The

---

2. Lien claimant filed the statutory statement *May 7, 1973*.

3. The 1977 amendment to 42 O.S.1971 § 172 became effective *October 1, 1977*. Laws 1977, c. 209, at 503. The cross-claim was filed *September 21, 1979*.

4. *Oklahoma City Building & Loan Association v. Burnes*, 167 Okl. 53, 29 P.2d 22, 23 [1933]; *State ex rel. Oklahoma City Building & Loan Association v. Hooker*, 167 Okl. 208, 29 P.2d 21 [1934]; *State ex rel. Osage County Savings & Loan Association v. Worten*, 167 Okl. 187, 29 P.2d 1, 2–3 [1934].

5. *Oklahoma City Building & Loan Association v. Burnes*, supra note 4; *State ex rel. Oklahoma City Building & Loan Association v. Hooker*, supra note 4; *State v. Worten*, supra note 4.

6. *Gayman v. Mullen*, 58 Okl. 477, 161 P. 1051, 1054 [1917]. The term "proceedings begun" was held to include the calling of an election to approve a bond issue. *In re Application of Bd.*

of Ed. of Western Heights Independent School Dist. No. 41, Oklahoma County, Okl., 565 P.2d 677, 680 [1977]. The term "proceedings begun" was applied to the calling of an election to authorize bonds for road improvement. Legislation amending pertinent statutes on the afternoon of the election day was held not to effect the validity of the approved bond issue. *Green v. Board of Commissioners of Lincoln County*, 126 Okl. 300, 259 P. 635 [1927]. *State v. Worten*, supra note 4.

7. *Palmer v. Crouch*, Okl., 298 P.2d 1041, 1042 [1956]; *Wass v. Vickery*, 158 Okl. 227, 13 P.2d 142 [1932]; *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.*, Okl., 378 P.2d 771, 774 [1963]. The filing of a lien statement was held unnecessary when foreclosure suit was brought within the maximum time allowed for filing a lien statement. *Peaceable Creek Coal Co. v. Jackson*, 26 Okl. 1, 108 P. 409, 411–412 [1910]; *Key v. Hill*, 93 Okl. 64, 219 P. 308 [1923].

interest, once created, may not be disturbed by subsequently-enacted legislation.[8]

 A mechanic's or materialman's lien is purely statutory.[9] The time limitations provided in § 172 for its enforcement by foreclosure is part and parcel of the right itself.[10] Although the claim attaches with the filing of the statement,[11] the lien remains more or less inchoate until its timely enforcement by foreclosure.[12] But it is at the point of its filing that—in the sense of Art. 5, § 54, Okl. Const.—one's "right" in the property of another does become "accrued" and the "proceedings [for its perfection are] begun".

Before the enactment of the 1977 amendment, the 1973 lien statement here in foreclosure rose to the status of an "accrued right" that stood postured in "proceedings begun". It is hence within the ambit of protection afforded by Art. 5, § 54, Okl. Const.

## II.

## THE RECORD DOES NOT DISCLOSE WHETHER THE MATERIALMAN'S LIEN CLAIM WAS TIMELY BROUGHT UNDER THE APPLICABLE PROVISIONS OF 42 O.S.1971 § 172

Several factual issues still remain to be resolved in this suit. The judgment below was on the pleadings and legal arguments presented. The record contains no evidence. Attached to lien claimant's answer and cross-claim was a copy of the homeowners' contract with the materialman, the lien statement in suit, an unsigned copy of the attached note and a copy of the lien's assignment. The legal arguments below dealt solely with the correct limitations period to be applied.

 The trial court's ruling that the lien claim stood extinguished by the one-year limitations of the 1977 amendment disposed of the suit. No inquiry into the other issues in the case was then necessary. No appeal was taken by the homeowners from the judgment against them on the promissory note. What remains for disposition in the trial court are issues tendered by the lien claimant's counterclaim and cross-claims in the suit. The foreclosure of a materialman's lien is a matter of equitable cognizance which is not triable to a jury.[13] Since all legal issues have now been settled but fact issues triable in equity remain to be adjudicated,[14] this cause must be remanded with directions that the trial court (a) determine whether lien claimant's counterclaim and cross-claims predicated on its right to foreclose were timely brought under the governing provisions of 42 O.S.1971

**8.** A lien is an interest in property. *Young v. J.A. Young Machine & Supply Co.*, 203 Okl. 595, 224 P.2d 971, 972–974 [1950]; *National Cash Register Co. v. Stockyards Cash Market*, 100 Okl. 150, 228 P. 778, 780 [1924]. A " 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, by statute or by contract. Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution." *Oklahoma Water Resources Board v. Central Okl. Master Conservancy Dist.*, Okl., 464 P.2d 748, 755 [1969].

**9.** *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.*, supra note 7; *Melton v. Quality Homes, Inc.*, Okl., 312 P.2d 476 [1957].

**10.** A statutory right quite similar to that acquired by a lien statement was termed protecti-

ble by Art. 5 § 54, Okl. Const., in *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District*, supra note 8.

**11.** A foreclosure suit is prematurely brought if commenced before the statutory period in 42 O.S.1971 § 143. *Smith v. Findley*, Okl., 298 P.2d 440, 441 [1956].

**12.** *Palmer v. Crouch*, supra note 7; *Wass v. Vickery*, supra note 7; *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.*, supra note 7.

**13.** *McGill v. Cooper Supply Co.*, 196 Okl. 362, 165 P.2d 829, 831 [1946]; *Spartan Petroleum Corp. v. Curt Brown Drilling Co.*, Okl., 446 P.2d 808, 811 [1968].

**14.** *Flour Mills of America, Inc. v. American Steel Bldg. Co.*, Okl., 449 P.2d 861, 882 [1969].

§ 172 [15]—the statute in force when the lien statement was filed—and (b) re-examine, in light of its decision, the priorities to be accorded among the competing lienholders.

The opinion of the Court of Appeals is accordingly vacated; the trial court's decree is reversed and the cause remanded for further proceedings.

IRWIN, C.J., BARNES, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and WILSON, JJ., concur.

**15.** The original note is not in the record. The copy attached to the cross-claim does not show a fixed maturity date. The parties cannot agree on how it is to be computed.