### SAWYER v. W. R. THOMPSON & SONS LBR. CO. et al.

No. 16542—Opinion Filed June 22, 1926.

Rehearing Denied Jan. 25, 1927.

**1. Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence.

**2. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; Chas. Swindall, Judge.

Action by Frank S. Sawyer against W. R. Thompson & Sons Lumber Company et al. to quiet title. Cross-action by the defendants against the plaintiff to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

B. B. Blakeney, Hubert Ambrister, W. R. Wallace, and Kathryn Van Leuven, for plaintiff in error.

Harry O. Glasser, for defendants in error.

Opinion by STEPHENSON, C. Frank S. Sawyer, who resided in Chicago, commenced his action against W. R. Thompson & Sons Lumber Company to quiet title to certain town lots in the city of Enid. The defendants filed their cross-action to quiet title in the property against the plaintiff. The trial of the cause resulted in judgment for the defendants, quieting title in the property in the latter. The plaintiff has perfected his appeal to this court, and assigns several of the proceedings had in the trial of the cause as error for reversal. The record title to the lots in question stood in D. S. Fisher about the 3rd day of April 1921. It appears that H. W. Sawyer, a brother of the plaintiff, contracted for the owner, with G. H. Bowdish, to sell the property to Bowdish. Bowdish constructed some improvements on the lots and purchased the material from the defendants. Bowdish failed to pay for the material, and the defendants filed mechanic's lien on the property against D. S. Fisher, G. H. Bowdish, and H. W. Sawyer. The defendants thereafter commenced their action to foreclose the mechanic's lien against the property, in which the parties named were made parties defendants in the foreclosure proceedings. The proceedings for the foreclosure of the mechanic's lien came on for trial on the 19th day of January, 1924. Attorneys appeared for D. S. Fisher, H. W. Sawyer, and G. H. Bowdish. Counsel for D. S. Fisher stated in court in the trial of the cause that the latter held the title to secure the payment of the remainder of the purchase price for the lots purchased by Bowdish. It was agreed among the parties that the remainder of the purchase price for the lots was in the sum of $382. The court found as a matter of law that the $382 was a prior claim to that of the lienholder, and the latter agreed to pay and did pay into court the sum of money for the benefit of the owner of the property. The court ordered the foreclosure of the liens against the record owner, D. S. Fisher, and the judgment also ran against H. W. Sawyer and G. H. Bowdish. The court ordered the sale of the property to satisfy the judgment. Notice was given that the sale of the property would be made, as provided by law, on the 7th day of April, 1924. The property was offered at public sale and was bid in at the sale by W. R. Thompson & Sons Lumber Company. The property was confirmed to the latter and deed executed and delivered by the sheriff.

H. W. Sawyer filed a deed for the same property bearing date as of April 23, 1921, wherein Frank S. Sawyer was named as grantee. The deed recited a consideration of $1 and other valuable consideration. The deed was tendered for record on April 5, 1924, being more than three years after the date of its execution. According to the evidence in this case, the defendants furnished the material to Bowdish, which was used in the construction of the improvements on the lots, while the records showed D. S. Fisher to be the record owner. However, at the same time, according to the deed filed for record on April 5, 1924, Frank S. Sawyer was in fact the owner of the property through the unrecorded deed. But the defendants in this case furnished the material to Bowdish while he was in possession of the property under a contract of sale from the record owner, and without notice of the unrecorded deed of Frank S. Sawyer.

The cross-action of the defendants alleged that D. S. Fisher never existed in fact, but was a fictitious person, substituted for H. W. Sawyer by the latter, in order to avoid the property being seized by creditors, or claimants, of H. W. Sawyer. The record discloses that H. W. Sawyer employed an attorney for D. S. Fisher in the trial of the mechanic's lien proceedings, and that D. S. Fisher did not appear personally at the trial. However, there is no evidence offered to support the allegations of the cross-petition in this respect. We think the judgment of the court in favor of the defendants is supported in this case by reason of the failure of Frank S. Sawyer to place his deed on record, which resulted in the defendants furnishing material without notice of his claims. The trial court sustained an objection of the defendants to the plaintiff introducing a copy of the Fisher deed to Frank Sawyer. Without passing on the soundness of the ruling of the trial court in this respect, we will treat the deed as being properly in evidence.

The attorneys for plaintiff in this case made application for a continuance of the trial on account of the absence of the plaintiff, Frank S. Sawyer, who lived in Chicago. The attorneys for plaintiff stated to the court, in connection with the motion, that they wrote the plaintiff of the setting of the case about 20 days before the date of the trial, and had not received a reply; that they had written two other letters to him giving the same information. The attorneys stated that they had neither received notice from the plaintiff nor the return of the letters addressed to him. The court denied the application of the plaintiff for a continuance of the trial. We think there was no error in this ruling.

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence. Orth v. Gregory, 98 Okla. 229, 223 Pac. 385. We think the judgment of the court quieting title in the defendants on their cross-action against the plaintiff is not clearly against the weight of the evidence in this case.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 900, §2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.