## WILEY v. NEFF.

No. 19150.   Opinion Filed May 12, 1931.

W. F. Semple, for plaintiff in error.

Don Welch, for defendant in error.

CLARK, V. C. J. The plaintiff in error, as the plaintiff below, commenced this action in the district court of Marshall county, on March 17, 1926, against the defendant in error, defendant below, M. A. Neff, to recover one-half of the proceeds of the sale of an oil and gas lease on lands situated in Marshall county, which were sold by M. A. Neff for the net sum of $13,000 after paying brokerage fees and other expenses. The plaintiff in error claimed that he and the defendant in error were partners and that said oil and gas lease was partnership property.

The defendant in error in his answer pleaded that the partnership was not a general partnership, and did not engage in the business of making investments in properties for the benefit of the partnership; and, further, that a full, final, and complete settlement of their partnership affairs was had and a dissolution of the partnership was had, and that the plaintiff accepted the sum of $321.28 in full settlement of all his interest in the partnership property; that the defendant did not acquire the oil and gas lease in question until after the dissolution of the partnership.

The issues were made up and the case tried to the court and resulted in a judgment in favor of the defendant. Findings of fact and conclusions of law were not requested and were not made by the court. The court made a general finding in favor of the defendant and against plaintiff.

The plaintiff in error contends:

"1. The judgment of the trial court is contrary to the great weight of the evidence.

"2. The evidence shows that Wiley (plaintiff below) and Neff (defendant below) were partners, and therefore, as such, they occupied a fiduciary relationship towards each other.

"3. Whatever interest Neff acquired in the lease had its inception prior to May 29, 1924, during the existence of the partnership, and title redounded to the benefit of the firm of which Neff was a member."

We will consider the three contentions of the plaintiff in error together.

Under the record, the partnership between the plaintiff and defendant commenced in October, 1922.

The plaintiff, Wiley, testified that just prior to the entering into the partnership with the defendant, Neff, he was engaged in the real estate and loan business in Madill, Marshall county, and had exclusive business in Marshall county for the Exchange Trust Company. That he had an opportunity to go on a straight salary and desired to retain his business in Madill. He entered into partnership with the defendant in October, 1922, and engaged in the business of buying and selling real estate on a commission basis—lands, oil and gas leases, and mineral rights. That the defendant, Neff, was to receive $200 per month and the plaintiff was to use his influence every way possible to help in the business, and after all expenses had been paid they were to split fifty-fifty.

The defendant, Neff, testified that he and plaintiff were partners in the real estate and loan business; that all property taken for the firm was taken jointly in the name of the plaintiff and defendant; that he took a lease on the 170 acres involved in this controversy in his name for the use and benefit of one George W. Bilbo. That he had no interest in it and neither was the partnership interested in it. He further testified that the partnership was dissolved on about the 15th day of June, 1925, and full settlement was had and he gave the plaintiff a check for $381.25 on June 25th. That this check was given as full settlement of the partnership affairs. That Bilbo came to him later and told him that he could

have the lease if he would pay the rentals due and delinquent. That he went to the bank and borrowed the money and paid the $170 back rentals on the lease he was holding in trust for Bilbo and the same was reinstated by the Commerce Trust Company. This occurred after the partnership had been dissolved. Later, the lease became valuable and Neff sold the same for $13,000, less brokerage fees and expenses.

Bilbo testified in regard to the lease transaction and corroborated the testimony of Neff.

The record discloses that the oil and gas lease in question was dated May 29, 1924, and signed by Commerce Trust Company to M. A. Neff, provided $1 consideration, five-year lease from date, and further provided:

"If no well be commenced on said land on or before the 29th day of May, 1925, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or the lessor's credit in the First Nat'l Bank of Madill, Okla., or its successors, * * * the sum of $170, which shall operate as a rental and cover the privileges of deferring the commencement of a well for 12 months from said date."

Under the evidence in this case, the lease had expired on the 29th day of May, 1925; that the partnership was dissolved on the 15th day of June, 1925, and final check given by defendant to plaintiff on June 25, 1925, and the defendant reinstated the lease in question on July 3rd, by check, which was accepted by the Commerce Trust Company on July 8, 1925, as shown by defendant's exhibit 10.

The trial court saw the witnesses, heard the evidence, saw the demeanor of the witnesses upon the stand, and thereupon rendered judgment therein for the defendant.

And, under the holding of this court in an equity case, this court on the review of the case will examine and review the evidence, but will not reverse the same unless it is against the clear weight of the evidence. Nix, Trustee, v. Brogan et al., 118 Okla. 62, 251 Pac. 753; Oliver v. Collins, 123 Okla. 33, 251 Pac. 729; Sawyer v. W. R. Thompson & Son, 123 Okla. 146, 252 Pac. 1; Richardson et al. v. Gregg et al., 144 Okla. 102, 290 Pac. 190.

After careful study of all the evidence admitted in the trial of this case, we do not find that the judgment of the trial court is against the clear weight of the evidence. The cause is affirmed.

LESTER, C. J., and CULLISON, SWIN-

DALL, ANDREWS, McNEILL, and KORNE-GAY, JJ., concur.

RILEY and HEFNER, JJ., absent.