## DAVIS v. DIXON.

No. 20027. Opinion Filed June 16, 1931.

Ira Banta, for plaintiff in error.

John W. Willmott and Joseph C. Looney, for defendant in error.

HEFNER, J. On September 19, 1913, Robert Davis, a Seminole freedman, conveyed to J. L. Dixon, by warranty deed, 80 acres of his allotted land. It appears that he was a minor at the time this deed was executed. The consideration for this deed does not appear from the record. On July 8, 1915, a second deed was executed by him to Dixon. This deed also appears to have been irregular, and on February 26, 1921, Dixon procured a quitclaim deed.

Davis was adjudged an incompetent by the county court on May 22, 1926, and T. C. Stout was appointed his guardian. On the 4th day of August, 1927, an action was brought by Davis, through his guardian, Stout, to set aside these deeds and to quiet title in him. The trial court found in favor of defendant.

Plaintiff's cause of action is predicated on mental incapacity and failure of consideration. It is his contention that the judgment is against the clear weight of the evidence. Several witnesses testified on behalf of plaintiff that he was mentally incompetent; that he was illiterate, unable to read or write; that he had no sufficient mental capacity to transact business; that he could not count money and did not know the difference between a one and a five-dollar bill.

Defendant testified that before the deeds were executed the transaction was thoroughly explained to plaintiff; that he was advised that he was deeding away his land and that the plaintiff understood and knew what he was doing. The notary public who took plaintiff's acknowledgment to the quitclaim deed testified that he explained the transaction to plaintiff and read the deed to him and explained that he was conveying to defendant his interest in the land; that plaintiff understood the nature of the transaction and knew that he was conveying his land to defendant.

Several other witnesses, who were intimately acquainted with plaintiff, had known him for a number of years and had frequently conversed with him, testified that in their opinion he had sufficient mental capacity to transact business.

Plaintiff also testified that he received nothing for his land. Defendant testified that when he procured the second deed from plaintiff he paid him $400 in cash and assumed a $200 mortgage against the land. His evidence is corroborated in this respect by other witnesses. The second deed was procured to compromise and settle a threatened suit by plaintiff to cancel and set aside his first deed. Plaintiff at that time was not under guardianship and had employed counsel to represent him. Settlement was made through counsel. The evidence establishes that he at that time had sufficient mental capacity to understand and appreciate that he was executing the deed to settle a dispute as to the validity of the first deed. Counsel who represented plaintiff at that time testified that he thoroughly explained the transaction to plaintiff and that he knew and understood what he was doing. After procuring this deed, defendant attempted to make a loan on the land. His title was again questioned, and in order to clear it he procured a quitclaim deed from plaintiff and paid him $25 for its execution. The purpose for which this deed was desired was fully explained to plaintiff and he was advised at that time that it was an instrument conveying his right and title in the land to plaintiff. Under this record we cannot say that the judgment of the court is against the weight of the evidence.

Plaintiff further contends that the opinion evidence offered by defendant was improperly admitted and should have been excluded under his objection. That the witnesses were not properly qualified to express an opinion. These witnesses before expressing their opinion all testified that they had known and observed plaintiff for a number of years and frequently conversed with him. This was a sufficient predicate

for the admission of nonexpert opinion evidence.

In the case of Farmers & Merchants Bank v. Haile, 46 Okla. 636, 149 Pac. 214, the predicate for the admission of such evidence was the same as in the instant case. The court held it sufficient. The rule there announced was reaffirmed in the case of Campbell v. Dick, 71 Okla. 186, 176 Pac. 520; it is there said:

"In Farmers' & Merchants' Bank v. Haile, 46 Okla. 636, 149 Pac. 214, it was contended, as here, that the trial court erred in permitting nonexpert witnesses to express their opinions as to the plaintiff's mental capacity to transact business, without having previously detailed the particular phenomena upon which such opinions were formed. All of the witnesses testifying were neighbors, who for many years had lived near the plaintiff; one having lived in the house with him for more than a year, and all having frequently seen and conversed with him at their homes, and in his own, and at various other places It was held that opinion evidence of such witnesses was competent. The rule is in consonance with right and justice. and has the support of innumerable decisions, many of which may be found collected in Atkins v. State, 119 Tenn. 458, 105 S. W. 353, 13 L. R. A. (N. S.) 1031."

Under these authorities, the evidence was properly admitted. Since there is no prejudicial error, the judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, and McNEILL, JJ., concur.

CLARK, V. C. J., and SWINDALL, ANDREWS, and KORNEGAY, JJ., absent.