## COMMERCIAL REALTY CO. et al. v. POPE et al.

No. 25257. April 2, 1935.

Shirk, Danner & Phelps, Charles E. Earnheart, and Samuel O. Neff, for plaintiffs in error.

Everest, McKenzie & Gibbens, for defendants in error.

WELCH, J. This is an appeal from the district court of Oklahoma county. Defendants in error, F. E. Pope et al., sought by injunction in the district court to permanently enjoin plaintiffs in error, Commercial Realty Company, a corporation, et al., from constructing a business building, to wit, a gasoline and service station, on property situate within the Winans Highland Terrace addition to the city of Oklahoma City. The parties will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The property involved is situated on the southeast corner of Robinson avenue and West 23rd street in Oklahoma City. The addition was originally platted on May 25, 1910, at which time the following restrictive covenant was placed in the plat:

"Upon none of said lots shall any business or merchandising or manufacturing be carried on. * * *"

It is the defendants' contention that since the execution of the dedicatory plat containing the restrictions above quoted, there has occurred such a change in conditions immediately surrounding the property in question that a court of equity will decline to enforce the restrictions. The trial court granted the plaintiffs' prayer, and enjoined the defendants from constructing the building, thus sustaining the restrictive covenant contained in the dedicatory plat. The defendants here assert that the judgment of the trial court is against the clear weight of the evidence, and that the same should be reversed. The rule in such case is stated as follows:

"In a case of purely equitable cognizance the decision of the trial court on the evidence will not be reversed unless it be against the clear weight thereof." Ashur v. McCreery, 150 Okla. 111, 300 P. 767; Davis v. Dixon, 149 Okla. 274, 300 P. 378; Wiley v. Neff, 149 Okla. 29, 299 P. 209.

In the case of Van Meter v. Manion, 170 Okla. 81, 38 P. (2d) 557, this court had before it a case involving the identical questions of law as are here involved. Furthermore, the case involved property located within this same addition to Oklahoma City, and, of course, involved the same restrictive clause in the dedicatory plat as above quoted. The property there involved was likewise located on West 23rd street, and only some two or three blocks west of the property herein involved. In the Manion Case, supra, the trial court permitted the construction of a business building, and refused to sustain the restrictive covenant contained in the dedicatory plat, upon the same theory advanced here by the defendants. This court reversed the trial court in the Manion Case, supra, and therein held as follows:

"Plaintiff was the owner of a corner lot

in an addition to Oklahoma City restricted by a plat restriction to use for residential purposes only. A judgment of the trial court ordering that a permit issue to erect a business building on said lot on account of a change of conditions in the neighborhood surrounding said restricted area is contrary to the clear weight of the evidence where it is shown that there was no purpose or plan on the part of the residents of the restricted area to abandon the original scheme or purpose of creating an exclusive residential section, and where the evidence as to a change of conditions is not sufficient to show that the original purpose cannot now be accomplished, and where it is shown that substantial benefits still inure to the residents of the restricted area by the enforcement of the restrictions.

"The fact that traffic has increased on streets surrounding a restricted area may be considered as evidence showing a change of conditions, but is not sufficient to warrant the releasing of affected property from a restrictive covenant.

"The lot of plaintiff cannot be considered separate and apart from its relation to the entire restricted addition. The fact that plaintiff's lot is more valuable for business purposes than residential purposes is not sufficient to warrant a breach of the restrictions."

We consider the Manion Case, supra, controlling as to the law in this case. We observe, however, that each case of this nature is usually determined from the facts and circumstances of the individual case. Our examination of the record in this case, and of the defendants' brief, discloses no substantial difference in the evidence before the trial court in both cases. In fact, at the trial of this case in the district court the entire file and record as made in the district court in the Manion Case, supra, was received in evidence by the trial court in this case, and it is suggested by the defendants that the record in the Manion Case, supra, should have been and doubtless was persuasive as evidence in the trial of this case. We observe further the similarity of briefs in the two cases supporting the contentions advanced here by the defendants, which similarity is called to our attention by the defendants in their brief. We observe that in the two cases both of the corner lots involved in the respective cases are on boulevards at intersections with automatic traffic signals; both have been encroached upon by business establishments across the street with practically the same degree, and we also note the similarity of the testimony to the effect that the property is not useless for residential purposes. We observe from the record that the evidence in this case may indicate that there is a little more traffic on the corner involved here than was apparent in the Manion Case, supra. We are impressed, however, with the fact that the evidence in both cases is so nearly identical as to lead to the conclusion that had the trial court in the instant case decided the case in favor of the defendants, it would have been necessary to reverse the same upon the authority of the Manion Case, supra.

We conclude that the judgment of the trial court is amply supported by the clear weight of the evidence, and the same is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. PHELPS, J., absent and not participating.