**REED v. BUELL et al.**

No. 25628. Sept. 17, 1935.

Rehearing Denied Oct. 8, 1935.

Jno. W. Porter, for plaintiff in error.

Irwin Donovan and O. G. McKoin, for defendants in error.

WELCH J. The parties will be referred to as they appeared in the trial court. Plaintiffs brought suit to quiet title to about 600 acres of land owned by them in sections 7, 8, and 17, all in township 15 north, range 18 east. Plaintiffs allege ownership and possession, and that the defendant claimed some right, title, and interest in the same unknown to plaintiffs, and which constitutes a cloud upon plaintiffs' title, and ask to have the title to said real estate quieted.

Defendant answered admitting the ownership and possession of the land by the plaintiffs, and setting up an oil and gas lease covering ten acres of said land duly executed by the plaintiffs to the defendant, Reed, and claiming a preference right to an oil and gas lease upon all of the balance of the land described in plaintiffs' petition and asking reformation of the preference right provision of the lease. Defendant also claimed damages to the extent of $50,000 for refusal of the plaintiffs to carry out the provisions of the lease granting the preference right claimed by the defendant. However, no proof was offered as to the claim for damages, and we will consider that portion of the answer as abandoned.

It is not disputed that plaintiffs had theretofore executed to the defendant an oil and gas lease covering ten acres of said land, which lease contained the following provision, which is in point in this case, to wit:

"Lessor is to have the right to the free use of gas for any house or barn owned by them in sections 7, 8, and 17, twp. 15 N. range 18 east, without cost to them. Preference rights to lease other lands in said sections to lessee is hereby given before leases are made to other parties."

The controversy centers upon a construction of the last sentence of the above quotation.

The defendant contends that this sentence granted him a preference right to lease all or any of the other land of the plaintiffs involved in this action, and that such was in fact the intention of the parties.

The plaintiffs contend that it was the intention of the parties that the defendant should have a preference right only to an additional 20 acres.

The defendant testified in general substance sustaining his contention that he was to have the preference right to an oil and gas lease on any and all of the land involved.

Upon the other hand, the plaintiff J. Garfield Buell who handled the transaction for himself and his wife, Ethel E. Buell, testified, in substance, that the premises here involved included the homestead of the plaintiffs, which they had improved at great expense, and that he positively and at all times refused to grant defendant a lease on all of the land; that 30 acres of the land is in the S. E. ¼ of section 8, joining the remainder of the land at the quarter section line; that he did agree to grant the defendant an oil and gas lease on ten acres of that 30 acres, together with a preference right in the defendant to an oil and gas lease covering the other 20 acres of that 30 acres.

The attorney who prepared the oil and gas lease was a witness. It was agreed that the plaintiff Buell and the defendant went together to the office of the attorney and there instructed him as to the preparation of the lease. His testimony fully corroborated the testimony of the plaintiff that the preference right granted was to extend only to the additional 20 acres.

At the conclusion of the trial the trial court found the issues of fact in favor of the plaintiffs and against the defendant. The trial court declined to reform the preference clause of the lease to apply to and include all of the land involved, but did, by its judgment, order reformation of that clause of the lease to specifically apply to and cover the additional 20 acres of the land of the plaintiffs, which the court found to have been the intention of the parties in the execution of the oil and gas lease containing the clause granting the preference right.

It is not necessary to set out the details of the evidence further explaining plaintiffs' refusal to lease the balance of the land, and showing why under the peculiar circumstances the defendant was willing to accept the lease upon ten acres of land with the preference right to an oil and gas lease on the additional 20 acres of land. Those matters are explained in some detail by the evidence to the apparent satisfaction of the trial court.

We have examined the entire record, and it not only appears that the findings of the trial court are not against the weight of the evidence, but clearly appears that the findings of the trial court follow the weight of the evidence, in view of all of the evidence and testimony, and the facts and circumstances shown thereby.

In a case of purely equitable cognizance the rule is well established that this court, on appeal, will not disturb the findings and judgment of the trial court unless said findings are clearly against the weight of the evidence. See Mitchell v. Leonard, 55 Okla.

626, 155 P. 696; Black v. Silver, 135 Okla. 198, 274 P. 886; Winn v. Willmott, 138 Okla. 177, 280 P. 808; Reynolds v. Reynolds, 148 Okla. 13, 296 P. 962; Commercial Realty Co. et al. v. Pope et al., 171 Okla. 331, 43 P. (2d) 62; House et al. v. Gragg et al., 170 Okla. 550, 44 P. (2d) 832.

We agree with defendant when he states in his brief, "The sole question to be decided is, What was the real agreement between the parties to this action?" And with the further statement, in substance, that the parties to the litigation, including the attorney who prepared the lease, agree that defendant was to have some preference right, and the only question was as to the extent thereof.

The language used in the above quotation from the lease did not grant a preference right to lease all of the other land owned by the plaintiffs in sections 7, 8, and 17, nor did that language state which or what part of the remaining acreage was covered by the preference right. That language of the lease is further indefinite in that it makes no reference to the terms of the lease on other lands which the lessee is granted a preference right to lease, but we take no further notice of that matter, as the plaintiffs do not complain of the judgment of the trial court which in effect grants the defendant a preference right to an oil and gas lease on an additional 20 acres.

We think the defendant properly states the question which confronted the trial court. The record discloses that this was the question tried and determined by the trial court, and the findings of the trial court not being in any sense contrary to the weight of the evidence, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, J., dissents.