## RODOLF et ux. v. FIRST NAT. BANK & TRUST CO. et al.

No. 27943. April 5, 1938.

M. C. Rodolf and Parke Davis, for plaintiffs in error.

Jos. L. Hull, Chas. E. Bush, and Jas. E. Bush, for defendant in error Exchange National Bank.

WELCH, J. Plaintiffs in error, as the judgment debtors, complain here of the action of the trial court in overruling their objections to the confirmation of sale of real estate under mortgage foreclosure.

It is urged that the sale price is grossly inadequate, and that the fact that a person who held a so-called commission as deputy sheriff acted as one of the appraisers of the property is evidence of unfairness and irregularity in the sale proceedings.

The cases of Duncan v. Eck, 65 Okla. 250, 166 P. 121; State ex rel. Com'rs of Land Office v. Wilson, 124 Okla. 236, 254 P. 968; State ex rel. Com'rs of Land Office v. Harrower, 167 Okla. 269, 29 P.2d 123, and Aldridge Hotel Co. v. Mainard, 171 Okla. 422, 43 P.2d 738, are offered in support of the asserted error.

On February 25, 1936, personal judgments were rendered amounting to something over $41,000, and the real property involved was ordered sold in satisfaction thereof. On April 1, 1936, order of sale issued commanding the appraisement and sale of the property. The property was appraised at $42,000 and offered for sale on May 12, 1936, with no bidders. The same was again offered for sale on June 16, 1936, with like result. On September 15, 1936, the original appraisement was set aside and the property was reappraised at $27,500. The property was, on November 14, 1936, again offered for sale, which resulted in a sale of same to the judgment creditors for the sum of $18,350.

The court heard the testimony of several persons who were familiar with real estate values in Tulsa, where the property is located. Such testimony placed the value of same at sums ranging from $18,000 to $50,000.

One of the appraisers had been issued a card by the sheriff who made the sale, purporting to be an appointment of such person as a deputy sheriff. The evidence is uncontradicted that this person received no salary as a deputy, never made arrests nor served process, but the card was considered by the sheriff and the person receiving same merely as a "courtesy card," and was possessed merely for purposes of identification.

The cases cited above assert the rule that gross inadequacy of price such as to shock the moral sense, coupled with slight showing of irregularity in proceedings, may be sufficient to constitute constructive fraud and impel the court to set aside the sale. There is some similarity of legal principles and facts in the cited cases and the present case. In those cases, however, the property was not sold under appraisement. We think that when property is appraised as provided by section 450, O. S. 1931, and is sold at a price of not less than two-thirds of the appraised value, as provided by statute, section 453, O. S. 1931, the sale is valid (Alexander v. American Nat. Bank, 54 Okla. 345, 153 P. 130), and that the court is precluded by force of statute from inquiring into the adequacy of the sale price so long as the appraisement is permitted to stand.

However, the record and briefs are such as to justify the conclusion that the parties and the trial court considered the attack made as one upon the validity of the appraisement. Assuming, but not deciding, that this is a proper method of attacking the appraisement, we consider the question of whether the attack is sufficient to justify a reversal of the trial court in his refusal to disturb the appraisement.

It would appear that an appraisement may be attacked for fraud (23 C. J. page 465, section 278), and it may be that gross inadequacy of value fixed in the appraisement, such as to shock the moral sense, coupled with a showing of slight irregularities, may constitute constructive fraud and sustain an attack upon an appraisement, the same as such showing may sustain an attack upon the sale as determined in the cited cases. Miller v. Gray Eagle Oil & Gas Co., 164 Okla. 259, 23 P.2d 657. Concerning the contention that the appraisement is invalid or irregular under section 450, O. S. 1931, because an alleged deputy sheriff acted as appraiser, we hold that the evidence does not disclose that such appraiser was in fact a deputy or official agent of the sheriff who sold the property. No authorities are given us in support of the contention made, and the record is sufficient to justify the conclusion of the trial court that such appraiser was qualified under the statute and that the appraisement was not for such reason invalid or irregular. We express no opinion as to the effect upon the appraisement if a lawful, regular or active deputy sheriff had acted as an appraiser.

Next considering the question of whether the value of the property as fixed by the appraisers was so grossly inadequate as to shock the moral sense within the stated rules, we observe that the trial court heard the evidence of witnesses who were familiar with the value of such properties and found that no such grossly inadequate valuation had been placed upon the property. Unless it appears that the findings are clearly against the weight of the evidence, such finding will be sustained. Oliver v. Collins, 123 Okla. 33, 251 P. 729, and Sawyer v. W. R. Thompson & Sons Lbr. Co., 123 Okla. 146, 252 P. 1.

We think the related facts show clearly that the findings and conclusions of the trial court that the property was not undervalued by the appraisers is not clearly against the weight of the evidence, and, therefore, we conclude that no error has been shown.

The action by the trial court is in all things affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.