## TURK et al. v. WOOD et al.

No. 33315.   Oct. 11, 1949.

*210 P. 2d 662.*

Brown, Darrough & Ball and A. Leonard Brougham, all of Oklahoma City, for plaintiffs in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

LUTTRELL, J.   This action was brought by Fox Wood and others, as plaintiffs, to enjoin the defendants Dr. A. B. Turk, Willis G. Sautbine, Estelle Clason and Mrs. J. T. Armstrong, from alleged violations of plat restrictions in the plat of blocks 9 to 22, Winans Highland Terrace addition to Oklahoma City. From the record it appears that the defendants all own their properties in the addition; that each property has erected thereon a residence; that the defendant Turk operates a dentist's office in his residence; that the defendant Sautbine has in his residence owned by him a termite business and receiving station for a cleaning shop, both operated by his tenants; that the defendant Clason operates a naturopathic clinic in her residence, and the defendant Armstrong operates a beauty shop in the residence occupied by her.

Plaintiffs alleged in their petition that the conducting of these businesses in the residences erected upon the various lots occupied by the defendants was detrimental to the value of residence property owned and occupied by plaintiffs in said addition, and was in violation of the plat restrictions which, as interpreted by them, permitted the use of property in said addition for residence purposes only. Defendants contend in the trial court, and here contend, that under the plat restrictions they could use their residences for any business except merchandising or manufacturing. The trial court rendered judgment for plaintiff, enjoining defendants from operating the businesses conducted by them, and defendants appeal.

On August 8, 1907, John F. Winans and wife, being the owners of the northeast quarter of section 28, township 12 north, range 3 west in Oklahoma county, platted a portion thereof as Winans Highland Terrace addition, at the same time filing with the plat, in the office of the county clerk, restrictions as to buildings on and use of the property described in the plat. The blocks in

this plat were numbered 1 to 8. Thereafter, and on March 3, 1909, Winans and wife platted another portion of said quarter section as Winans Second addition, filing with such plat restrictions as to buildings on and use of the property included in that addition. Thereafter, on May 16, 1910, Winans and wife platted the remainder of the quarter section as blocks 9 to 18, inclusive, and blocks 19 to 22, inclusive, of Winans Highland Terrace addition, and placed thereon the restrictions which are hereinafter set out. No reference is made, in any of the plats or restrictions filed, to the restrictions applicable to any of the other subdivisions, no attempt being made to incorporate by reference restrictions applicable to another plat into the restrictions applicable to and filed with the last plat.

From the record it appears that the addition in question lies between Broadway avenue on the east, Walker avenue on the west, Nineteenth street on the south, and Twenty-Third street on the north, and that it comprises all this territory except six blocks lying between Robinson avenue and Hudson avenue, and Twentieth and Twenty-Third streets, which six blocks compose Winans Second addition. The property north of Twenty-Third street is unrestricted. All the properties occupied and used by defendants, except that of defendant Sautbine, are upon the south side of Twenty-Third street. The property occupied and used by Sautbine is between Twenty-Second and Twenty-Third streets on Broadway and upon lots facing east. That portion of the plat restrictions pertinent to the controversy in this case reads as follows:

"Any person becoming the owner of any lot in said Addition shall take and hold the same subject to the following conditions, restrictions and reservations, to wit:

"First, . . .

"Second, upon none of said lots shall any business of merchandising or manufacturing be carried on and a space not less than ten feet in width along the east side of each of said lots, excepting corner lots and lots next to an alley, shall be reserved for parking and passage, providing, however, that the owner or owner of adjoining lots may establish a joint drive-way in which case neither party shall place his building nearer than six feet to his east line, and providing further that the said ten feet for passage and parking may be reserved along the west side of lots if deemed expedient by owner, in which case the same rule as to joint drive-ways and reservation of space on opposite side of lot must be observed.

"Third, . . .

"Fourth, upon said lots facing north or south, but one residence building and that facing with the lot, will be allowed, but a stable or other subsidiary building may be erected, and on the rear of any corner lot, if preferred, a second residence may be erected facing the side street, but not nearer than ten feet to said side street, and meeting also the requirements as to the cost of construction applicable to the particular lot."

Defendants contend that the only restriction imposed upon them as to the use of their properties in the addition is that only residences shall be erected upon the various properties and that no merchandising or manufacturing shall be carried on in said residences.

The defendant Sautbine, whose lot faces east and west (the lots of the other defendants being lots which face north) contends that even these restrictions do not apply to his property, since they expressly cover only lots running north and south.

Plaintiffs do not contend that the businesses carried on by the defendants come within the definition of merchandising or manufacturing, but assert that Winans, the owner, intended that the addition should be a purely residential district; that it was part of a general plan furthered by him in platting the 160-acre tract of land owned by him, and that the conducting of any business within said addition is in violation of the restrictions.

Defendants urge that the above-quoted restrictions are worded in plain and unambiguous language, and do not prohibit the carrying on of any business in any residence or upon any lot in said addition save that of merchandising or manufacturing, and defendant Sautbine contends that this restriction applies only to the lots fronting north and south. Defendants say that regardless of whether there was a general plan or scheme of development, as contended by plaintiffs, where the language in the restriction is plain and unambiguous, the restriction may not be enlarged or extended by implication to situations unexpressed in the instrument, citing in support of this contention, Cooke v. Kinkead, 179 Okla. 147, 64 P. 2d 682; Test Oil Co. v. La Tourette, 19 Okla. 214, 91 P. 1025, and other cases, and the general rule announced in 14 Am. Jur., §212. This contention is well taken and must be sustained.

In the early case of Test Oil Co. v. La Tourette, supra, we said:

"Hence restrictions upon the alienation of the fee in land are repugnant to trade and commerce, and are looked upon with disfavor by the law. Nothing will be taken by implication or intendment. New conditions will not be inserted by construction. The expression of the intention of the parties will be gathered strictly from the terms employed, and the inquiry at the close of the examination will be: "Is it so nominated in the bond?'"

In Cooke v. Kinkead, supra, we said:

"If there is ambiguity in the language used in restrictive covenants or substantial doubt as to its meaning, then the courts are justified in taking into consideration the circumstances surrounding the platting to determine, if possible, the intent of the dedicators, and where such intent is ascertainable by construing the restrictions as a whole and giving due consideration to other circumstances which cast light upon said intent, the same should be given effect. In the instant case, there is no ambiguity in the language used. The language is clear and specific to the effect that no building shall ever be used or occupied for any purpose except that of residence exclusively. There can be no doubt as to the meaning of such language. In order to sustain plaintiff's contention in this case, we would be compelled to distort the well-established meaning of words of common usage, and to extend such meaning by implication to situations unexpressed in the instrument. If there was an intention on the part of the dedicators to restrict the use of the land itself, such intention is unexpressed, and is unavailing in this case."

In Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P. 2d 759, cited and relied upon by plaintiffs, we held that where deeds refer to plat restrictions in cases where there was a general plan or scheme of improvement or development of a tract of land, persons purchasing were put on notice of such restrictions, and that it was their duty to examine all instruments filed with the plat and dedication to discover the restrictions. We said that in construing restrictive covenants effect was to be given to the intention of the parties as shown by the language of the instrument considered in connection with all the circumstances surrounding the transaction, and the object had in view by the parties, as held in Test Oil Co. v. La Tourette, supra. We said further that, in Thompson on Real Property and in Berry on Restrictions, the authors limited the consideration of the surrounding circumstances to cases where the meaning of the words of the restrictive covenants was doubtful or ambiguous, and that that was the more accurate view.

The statement above made as to the consideration of surrounding circumstances appears to be the general rule.

In 26 C.J.S. p. 517-518, it is said:

"The court may not limit a restriction in a deed, nor on the other hand, will a restriction to be enlarged or extended by construction or implication beyond the clear meaning of its terms, even to accomplish what it may be thought the parties would have desired had a situation which later developed

been foreseen by them at the time when the restriction was written."

And further:

"Where the language of the restrictions is clear and unambiguous, the parties will be confined to the meaning of the language which they have employed, and it is unnecessary and improper to inquire into the surrounding circumstances or the objects and purposes of the grant or restriction for aid in its construction."

We have found no case, and none is cited by the parties, holding that where the plat restrictions upon the use of property were plain and unambiguous it was the duty of the purchaser to make a further investigation of the advertising and representations made at the time the property was first placed upon the market in order to ascertain the meaning of the restrictions.

Also, it appears to be well settled that where only specified uses of the property are prohibited, the restriction is not violated by using the property for a purpose not so prohibited. 26 C. J. S. p. 538, §165; 155 A.L.R. 1012, note.

Under the authorities above cited the restriction here involved does not prohibit the defendants from carrying on in their residences businesses which do not fall within the express prohibition of the restriction against merchandising and manfacturing.

Since it is not contended that the premises owned by Sautbine are being used for merchandising or manufacturing, it is unnecessary for us to determine whether the restriction against the use of property in the addition for merchandising or manufacturing purposes applies to lots facing east, and tion of the restriction against merchandising and manufacturing.

Plaintiffs call attention to the decisions of this court in Van Meter v. Manion, 170 Okla. 81, 38 P. 2d 557, and Commercial Realty Co. v. Pope, 171 Okla. 331, 43 P. 2d 62, in which this court upheld the restrictions here involved as prohibiting the use of property for anything but residential purposes. However, in the Manion case it was stipulated that the word "of" as it appears in the restriction between the words "business" and "merchandising" was "or", and the same error appears in Commerical Realty Co. v. Pope, supra. None of the defendants were parties in either of those cases and the error therein made as to the wording of the restriction would not be binding upon them. Plaintiffs argue that in the instant case we should construe the word "of" to mean "or" to conform to the manifest intention of the dedicator. But we are unable to say from a consideration of the entire instrument that the dedicator meant to usc the word "or", or that his grantees understood the language of the dedication to mean other than we here interpret it.

Plaintiffs rely heavily upon their claim that the evidence established that all three of the additions placed on the market by Winans were part of a general plan to create a highly restricted and desirable residence district on the 160 acres of land owned by him. Evidence in support of this contention was admitted by the trial court over the objection of defendants, but an examination of the plat restrictions of the three additions does not support this claim.

The plat restrictions on the first addition, filed for record August 9, 1907, provide that all buildings shall be used for residence purposes only, nor shall any portion of the addition be used or occupied for any traffic in alcoholic or malt liquor, or any intoxicating liquor of any kind.

The plat restrictions of the second addition, filed March 3, 1909, provide that all buildings in said addition shall be for residential purposes only, and contain no restriction as to any type of business which may be conducted therein.

It is noteworthy that the restrictions on the addition involved in this action set forth above do not provide that the buildings upon the lots in said addition shall be used for residential purposes only, but contain a plain and definite restriction as to the use of said buildings for merchandising or manufacturing business. This shows a departure from the previous plan of the dedicator evidenced by the provisions of the earlier restrictions, which is inconsistent with the idea of a general plan. Apparently the dedicator conceived the idea that the right to conduct, in residences erected in this last addition, certain types of business which might be conducted in the home, would stimulate the sale of lots in said addition.

The newspaper advertisements introduced in evidence, one dated in 1907 and one in 1910, do not reflect the plan to make all of the dedicator's property a restricted residential district. While the first advertisement, dated October 6, 1907, at which time only the first addition had been platted, refers to beautiful restricted building sites, the second advertisement, dated October 1, 1910, simply refers to the lots as homesites, and contains no language indicating that the lots are restricted against all types of business.

This evidence was not sufficient to justify the trial court in disregarding the plain provisions contained in the plat restrictions, or extending them by implication or construction.

Reversed, with directions to render judgment for defendants.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.