MATTSON et al. v. FEZLER et al.

No. 33316. Oct. 25, 1949.

Rehearing Denied April 4, 1950.

*216 P. 2d 275.*

Brown, Darrough & Ball and A. Leonard Brougham, all of Oklahoma City, for plaintiffs in error.

Robinson, Shipp & Robertson, Oklahoma City, for defendants in error.

LUTTRELL, J. In this action Day Fezler, and other residents of Winans Second Addition to Oklahoma City, sought to enjoin the defendants Mrs. M. M. Mattson and Dr. P. A. Harris from using their residence property in said addition for business purposes, claiming that such use was in violation of the plat restrictions upon said addition. The trial court permanently enjoined the defendants from making use of their property in said addition for any other purpose except residential purposes only. Defendants appeal.

From the record it appears that Winans Second Addition is a small addition composed of six city blocks lying between Robinson avenue on the east and Hudson avenue on the west, Twentieth street on the south and Twenty-Third street on the north. It further appears that the property north of Twenty-Third street immediately across the street from Winans Second Addition is unrestricted. The defendant P. A. Harris carries on an osteopathic practice in his residence in said addition, and the defendant Mrs. M. M. Mattson operates a playhouse for children as a business in her residential property in said addition.

The plat of Winans Second Addition was filed for record March 3, 1909. That portion of the plat restrictions involved in the instant case reads as follows:

"Any person becoming the owner of any lots in said addition shall take and hold the same subject to the following conditions restrictions and reservations to wit:

"First: For all lots the building line shall be twenty five feet from the lot front on street line and only the porch

and steps, the former not to project more than eight feet, shall be permitted to encroach upon the space between the building line and street.

"Second: All buildings in said Addition shall be for residence purposes only, and a space not less than ten feet in width along the entire East side of each inside lot shall be set aside and used for parking and passage.

"Third: But one residence building upon a lot and that facing with the lot North or South will be allowed, but a stable or other subsidiary building may be erected, and on the rear of any corner lot if preferred, a second residence may be erected facing the side street.

"Fourth: The cost of each building in said addition shall be not less than one thousand dollars if erected in blocks one or two and for buildings erected in either Blocks three, four, five, or six, the cost shall be not less than fifteen hundred dollars."

Defendants contend that the restrictions above quoted, and especially the language "All buildings in said addition shall be for residence purposes only" applies only to the character or type of buildings permitted in the addition, and does not restrict their use so long as they conform to that type. Plaintiffs assert that this language covers use as well as character or type of buildings, and restricts such use solely to residential purposes. We agree with plaintiffs' contention.

While it is true, as asserted by defendants, that we have in numerous cases, such as Cooke v. Kinkead, 179 Okla. 147, 64 P. 2d 682; Test Oil Co. v. La Tourette, 19 Okla. 214, 91 P. 1025, and others, held that restrictions upon the free use of real property are to be strictly construed, and may not be extended by implication or construction beyond the meaning of their plain terms, we are of opinion that the language last above quoted applies not only to the character or type of buildings constructed, but to their use as well. Defendants assert that it is significant that the word "use" or "used" does

not appear in the quoted provision, but we think the failure to use that word is immaterial, and that without the use of that word a restriction of buildings to residential *purposes* only is a restriction upon the use as well as upon the type of building erected.

In Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P. 2d 759, we said:

"The phrase 'All lots in this plat are restricted to residences only' excludes all other uses upon the land, and is clear and unambiguous. Under the natural and common sense meaning of the term 'residences' we cannot say that the drilling of wells for oil and gas is a use of property for residence purposes."

Likewise in the instant case we think the language "all buildings in said addition shall be for residence purposes only", in the absence of any other provision in the restrictions which might be construed to authorize the use of buildings for business purposes, plainly limits the use of buildings in said addition to residential purposes only. And there is nothing in the restrictions in their entirety as above quoted from which it might be inferred that the use of property in said addition for other than residential purposes is authorized or permitted.

Defendants cite Briggs v. Hendricks (Tex. Civ. App.) 197 S.W. 2d 511; Carr v. Riley, 198 Mass. 70, 84 N.E. 426, and other cases as holding that the partial use for business purposes of residential property was not violative of a covenant limiting the use to residences exclusively. But in practically all these cases the restrictions involved contained provisions not found in the restrictions in the instant case, from which provisions it might be inferred that use for some business purposes was not prohibited. No such provisions are contained in the restrictions set out above. We have no more right under the authorities to qualify or limit a restrictive provision by implication or construction than we have to extend

its operation and effect by such methods.

Defendants also contend that by their delay in instituting this action, plaintiffs are guilty of laches or equitable estoppel. Examination of the pleadings of defendants discloses that they are insufficient to properly raise these defenses, and the evidence adduced by defendants wholly fails to prove either estoppel or laches on the part of plaintiffs. Both the defenses of equitable estoppel and laches are based upon a delay or other conduct on the part of plaintiffs which works a prejudice or disadvantage to the defendants. Downing v. Young Men's Christian Ass'n 178 Okla. 292, 61 P. 2d 859; O'Neil v. Vose, 193 Okla. 451, 145 P. 2d 411. There is no such showing in the instant case.

The language of the restrictive provisions is plain and unambiguous, and clearly restricts the use of properties in said addition to residential purposes only. It follows that the trial court correctly held that the businesses conducted by the defendants were violative of the restrictions and that its judgment perpetually enjoining such use was correct and must be sustained.

Affirmed.

DAVISON, C.J., and CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V.C.J., dissents.

Rehearing Denied April 4, 1950.