**WEST NICHOLS HILLS PRESBYTERIAN CHURCH, a corporation, Plaintiff in Error,**

v.

**John H. FOLKS and John Janovy, Defendants in Error.**

No. 36286.

Supreme Court of Oklahoma.

Nov. 9, 1954.

W. L. Funk, Oklahoma City, for plaintiff in error.

Hanson, Green & Moran, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

This is an action by John H. Folks and John Janovy, as owners of Lots 14 and 15, in Block 102, Nichols Hills Suburban Tracts in Oklahoma County, against West Nichols Hills Presbyterian Church, a corporation, and the owner of Lot 16 in Block 102, seeking an injunction to prevent the Church from using its lot in violation of certain restrictions as to the use of the land owned by the Church as provided in the dedication which contains, among other things, the following restriction as to use:

"The following lots are restricted to residence only, the cost of which is to be not less than the amount set opposite said lots:

" * * * Block 102, Lots 1 to 26, inclusive—$3,500.00."

The Church admitted that it contemplated using its Lot 16 for parking purposes, but that no charge will be made for such parking and that it intended to use this Lot as an adjunct to the Church building which is located across the street.

The court found that the intended use of the Church lot for parking purposes would violate the restriction providing that the use of the lot be restricted to residence purposes only. Judgment was rendered for the plaintiffs and the Church has appealed. It submits the following propositions.

"1

"Covenants running with the land limiting the use of property must be strictly construed in favor of the free use of land and not extended by implication.

"2

"Where only specified uses of property are prohibited in covenants running with the land, the use of the property not so prohibited does not violate the plat restriction.

"3

"In the construction of contracts the contract is to be considered as a whole giving deference to each portion thereof.

"4

"It is proper for the court to take into consideration the construction the parties themselves have placed thereon in determining the intent and meaning of the contract."

Propositions 1 and 2 are discussed together. The rule announced in proposition 1 is well settled as expressed in the early case of Test Oil Co. v. La Tourette, 19 Okl. 214, 91 P. 1025, where it is stated in the first paragraph of the syllabus:

"Restrictions and prohibitions of the use of real property are not favored in the law, and the terms of such covenants will not be enlarged by implication, but confined to their accepted usage and the clear intention of the parties expressed therein."

In Cooke v. Kinkead, 179 Okl. 147, 64 P.2d 682, the same rule is announced in the first and second paragraphs of the syllabus as follows:

"Every estate in land granted by deed shall be deemed an estate in fee simple, unless limited by express words. Section 9698, O.S.1931 [16 O.S.1951 § 29]."

"Covenants limiting the use of property must be construed strictly and not extended by implication."

In the more recent case of Turk v. Wood, 202 Okl. 112, 210 P.2d 662, it is stated in the second paragraph of the syllabus:

"Where the language of the restriction is clear and unambiguous, the parties will be confined to the meaning of the language which they have employed, and it is unnecessary and improper to inquire into the surrounding circumstances or the objects and purposes of the grant or restrictions for aid in its construction."

The Church contends that where only specified uses of the land are prohibited by covenants running with the land, the use of the property for a purpose not expressly prohibited does not violate such a plat restriction.

It will be noted that the lots in question are "restricted to residence only" but that the dedication contains numerous uses for which all of the land may not be used, but does not expressly prohibit the use of a lot for free parking by those attending church services.

The defendant asked that if the dedicators had intended that the lots be used for residence purposes only, why were numerous things mentioned for which they could not be used?

That appears to be a pertinent question, but we are bound to give effect to the clear and unambiguous language to the effect that certain lots named shall be used for residence only. This provision is clear and must be given its intended meaning.

The numerous provisions prohibiting other uses apply to the entire tract of land consisting of eight blocks. A case closely in point is Southwest Petroleum Co. v. Logan, 180 Okl. 477, 71 P.2d 759, on page 763 where it is stated in the body of the opinion as follows:

"The question then narrows to one of interpretation of the clause, 'All lots in this plat are restricted to residences only,' or 'to dwellings only.' Both terms will be considered as synonymous. We are not unmindful of the rule that restrictions on the use of real property must be construed strictly. Cooke v. Kinkead (1936) 179 Okl. 147, 64 P.2d 682. Nevertheless they will be enforced in a proper case and will not be extended on the one hand or limited on the other, but strictly enforced. Berry, Restrictions on Use of Real Property, §§ 34, 35, 37. This court in Vaughn v. Lyon, supra [122 Okl. 179, 252 P. 1088], quoting from Test Oil Co. v. La Tourette (1907) 19 Okl. 214, 91 P. 1025, said: 'Covenants restraining the use of real property, although not favored, will nevertheless be enforced by the courts, where the intention of the parties is clear in their creation and

the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties.'"

Here we have a state of facts where the land is restricted to "residence only", and not a situation where certain uses are prohibited, except as to the entire tract of land platted. If no specific permissible use was named and only the named uses prohibited, then the argument of the plaintiffs would be applicable. In Christ's Methodist Church v. Macklanburg, 198 Okl. 297, 177 P.2d 1008, 1009, the plat provided that " 'All lots in this plat are restricted to residences only.' " The court held that this restriction prohibited the use of the land for the erection and maintenance of a church and announced the rule in the third paragraph of the syllabus as follows:

"The phrase 'All lots in this plat are restricted to residences only', is clear and explicit in excluding the use of lots for any purpose other than residential, and the use of lots for the erection and maintenance of a church thereon is excluded by the terms of such restriction."

In the body of the opinion the court referred to Southwest Petroleum Co. v. Logan, supra, wherein the reservation involved provided " 'All lots in this plat are restricted to residences only' " and held that such restriction excluded all other uses of the land.

In Mattson v. Fezler, 202 Okl. 589, 216 P.2d 275, 276, the language used in the restriction was " 'all buildings in said addition shall be for residence purposes only' " and the court upheld such restriction as against use of such lots for business purposes.

Proposition 3 is a correct statement of law to the effect that in constru-

ing a contract it should be construed as a whole. We think the terms of the restrictions before us are clear and unambiguous. The use of the land for "residence purposes only" means that the lots shall be used for residences and for no other purpose, and the recital of certain specific uses which are prohibited for the entire eight blocks, but failing to specifically forbid parking for those attending a nearby church, does not nullify or in any way effect the clearly expressed intention of the dedicator that the lots involved here shall be used for residence purposes only.

As to the ruling of the court in excluding evidence offered to show the construction the interested parties have placed upon the restrictions themselves, we think the court properly excluded the evidence offered. It was not pled by the defendant as a defense, and it was not included in any allegation necessary to support the plaintiffs' case and there was no offer to allege such facts by amendment. We do not think this testimony was admissible because if other uses had been applied to other lots with the apparent acquiescence by some of the owners and the dedicator, such acquiescence would not bind the plaintiffs here in the absence of allegations and proof that they themselves had waived such rights as were granted them in the dedication. Kurz v. Stafford, 135 Okl. 121, 274 P. 674.

The restrictions expressly provide that the failure of the company or the owners of any other lot or lots on the plat to enforce any of the restrictions shall in no event be deemed to be a waiver of the right to do so thereafter.

The ruling of the trial court to the effect that the restriction in question is valid and should be enforced is hereby affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON and BLACKBIRD, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.